## 65026. BOOKER v. THE STATE.

DEEN, Presiding Judge.

Roscoe Booker was indicted on six counts of armed robbery. The trial court directed a verdict of acquittal on the motion of the district attorney on four counts and the jury found him guilty of one of the remaining counts and not guilty on the other. *Held:*

1. The trial court did not err in permitting the in-court identification of the defendant by Willie Johnson. The transcript shows that the witness was asked to sit in the courtroom and see if he could identify anyone. The state made no attempt to single anyone out for identification and he was asked to leave before the calendar was called. Counsel for the defendant was present when the witness identified the defendant and was immediately permitted to question him about his identification. There is no evidence that the identification was suggestive and counsel was given ample opportunity to examine the witness on this issue. *Foster v. State,* 156 Ga. App. 672 (275 SE2d 745) (1980). The witness also identified the defendant in a pretrial photographic lineup and in court. Both identifications were based on his observation of the accused at the time of the robbery. We find no error.

2. The district attorney's argument as to similar transactions was no error. The evidence showed that shortly before the robbery the defendant and a second man who matched the description of his

accomplice entered another hair styling salon in the same complex and asked about getting a cold wave and their behavior aroused the suspicions of the manager. Their behavior was identical in the salon which was robbed. The defendant was identified by employees of both salons. As there was no evidence of a robbery at the first salon, the "other crimes" bar was not raised and the evidence merely showed that he was present in the general area of the crime shortly before the robbery and served as identification evidence. The district attorney's argument that the defendant's suspicious actions in the other salon showed a similar motive is permissible as the prosecutor is permitted to comment on the evidence and to argue his inferences and deductions from it. *Hancock v. State,* 158 Ga. App. 829 (282 SE2d 401) (1981).

3. The trial court charge which tracks the language of Code Ann. § 26-1902 that one commits armed robbery "by use of an offensive weapon or any replica" is not error where the defendant is indicted for armed robbery "by use of a pistol." Such a charge could not have confused or misled the jury. *Morrison v. State,* 147 Ga. App. 410 (249 SE2d 131) (1978).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 28, 1982.

*J. Russell Mayer,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Chris Jensen, Margaret V. Lines, Assistant District Attorneys,* for appellee.