A92A0290. PETTWAY v. THE STATE.
(420 SE2d 619)

CARLEY, Presiding Judge.

Appellant was tried before a jury on an indictment alleging that he had committed an armed robbery "by the use of a knife, the same being an offensive weapon. . . ." The State's evidence showed appellant's commission of an armed robbery by use of a knife. Appellant admitted the theft, but denied the use of a knife, claiming instead that the victim had mistaken a broken section of a television antenna for a knife. The jury found appellant guilty of armed robbery and he appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant's sole contention on appeal is that the trial court erred in instructing the jury that armed robbery could be committed "by the use of an offensive weapon, *or by any replica, article or device having the appearance of such a weapon.*" Since he was indicted for the commission of an armed robbery "by use of a knife," appellant urges that the above-emphasized language erroneously authorized the jury to convict him for having committed an armed robbery in a manner other than that which had been alleged in the indictment.

It is error to charge the jury that a crime may be committed by alternative methods, "when the indictment charges it was committed by one specific method. . . ." *Walker v. State*, 146 Ga. App. 237, 240 (1a) (246 SE2d 206) (1978). "If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective 'because of a fatal variance between the proof at trial and the indictment returned by the grand jury.' [Cits.]" *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987). By including the above-emphasized language in its charge, the trial court did instruct the jury on alternative methods of committing armed robbery which were not alleged in the indictment. See *Cornett v. State*, 218 Ga. 405, 406 (1) (128 SE2d 317) (1962). Accordingly, if there is "a reasonable possibility" that the jury convicted appellant for the commission of an armed robbery by use of "any replica, article or device having the appearance of [an offensive] weapon," rather than the commission of an armed robbery "by use of a knife," the conviction is defective under the fatal variance rule.

Unless there is some evidence that appellant committed an armed robbery by use of "any replica, article or device having the appearance of [an offensive] weapon," there is no "reasonable

probability that the jury convicted him of the commission of this type [armed robbery]." *Childs v. State*, supra at 253 (17). Appellant urges that his testimony denying the use of a knife, but acknowledging the possession of a broken section of a television antenna is such evidence. According to appellant, the broken section of a television antenna constitutes a "replica, article or device having the appearance of [an offensive] weapon" and, if the jury believed his testimony rather than the State's evidence that he used a knife, there is a "reasonable probability" that his conviction is defective under the fatal variance rule.

However, the broken section of a television antenna is not a mere "replica, article or device having the appearance of [an offensive] weapon." It is an article fully capable of inflicting the same character of injury upon the victim as the knife which the indictment alleged that appellant had used and which the State's evidence showed that he had used. A broken section of a television antenna places a victim in no less fear of being stabbed than if he were faced with a knife-wielding assailant. A knife-wielding assailant is no more capable of stabbing his victim than if he were armed with a broken section of a television antenna. "The rule of this State is that no fatal variance between the pleading and the proof exists where one weapon is charged in the indictment and a weapon of a similar nature capable of inflicting the same character of injury is shown by the evidence. [Cits.]" *Habersham v. State*, 79 Ga. App. 244, 245 (53 SE2d 578) (1949). Compare *Cornett v. State*, supra at 406 (1) (pistol which would not fire live ammunition). Accordingly, unlike *Walker v. State*, supra "[w]e are not faced with different 'methods' in the instant case. There was no variance between the method alleged and that which was proved." *Maxey v. State*, 159 Ga. App. 503, 506 (2) (284 SE2d 23) (1981). The difference between the proof and the indictment concerned only the description of the actual weapon used to effectuate the armed robbery and did not constitute a fatal variance between use of an actual weapon and use of a mere replica, article or device having the appearance of an offensive weapon. There being no evidence that appellant committed the armed robbery other than by use of a knife or a weapon capable of inflicting a similar injury, there was no "reasonable probability" of a fatal variance and the "charge could not have confused or misled the jury. [Cit.]" *Booker v. State*, 164 Ga. App. 176, 177 (3) (296 SE2d 752) (1982).

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 7, 1992 —

*Lenzer & Lenzer, Thomas P. Lenzer, Robert W. Lenzer,* for ap-

pellant.

*Robert E. Wilson, District Attorney, J. George Guise, Assistant District Attorney,* for appellee.