### A03A1757. MUNN v. THE STATE.
(589 SE2d 596)

ANDREWS, Presiding Judge.

Alex Munn appeals from the judgment entered after a jury found him guilty of armed robbery, rape, and kidnapping. Munn brings 12 enumerations of error on appeal, among which are that trial counsel was ineffective, that the trial court erred in the jury selection process and when instructing the jury on the definition of armed robbery,

and that the evidence was insufficient to support the verdict. After reviewing the record, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. The victim testified that she was a taxi driver working from 6:00 until 10:00 on the night in question. As she was dropping off a fare, a man she identified at trial as Munn walked up to her cab and asked her to take him to the MARTA station. While the victim was driving Munn to the station and talking on her cell phone to another driver, Munn suddenly put a knife to her throat, told her to hang up the phone and change directions. Munn made her give him the cash from her purse and told her to drive to the back of a shopping center and stop. After she stopped the car, Munn forced the victim into the back seat and raped her. Munn then told her to get out of the car and drove off in the taxicab.

The victim notified her dispatcher that the cab had been stolen, but did not tell her she had been raped because she was too embarrassed. She said she did not tell the police about the rape because she did not think they would find the attacker and she did not want everyone to know about it. After she told her boyfriend about the rape, he convinced her to tell the police.

Subsequently, the victim was able to positively identify Munn from a photographic lineup and again at trial. In addition, Augustin Maldonado, another cab driver, confirmed the victim's account of what happened the night of the crime. He stated that he was on the phone with the victim when the person she had picked up got into the cab. Maldonado said that after a few seconds the call suddenly ended. About 20 minutes later, Maldonado heard that the victim had an emergency.

Another cab driver testified that he went to see about the victim after the cab company received the emergency call. He stated that the victim, who was always well-dressed, was "all messed up" and was so upset she could not speak. The cab driver also said that the victim had some bruises.

The victim's boyfriend testified that when he saw her that night she was shaking. After a time, she was able to tell him what happened and he told her that she ought to tell the police about the rape.

The crime lab expert testified that the DNA evidence taken from the victim's clothing matched that of Munn.

Munn testified in his own defense and claimed the sex was consensual. He said that the victim solicited the sex for money. But, the detective who first interviewed Munn after his arrest said that Munn never told him that he had consensual sex with the victim or that he paid the victim for sex.

1. The evidence was sufficient to support the verdict.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the [defendant] no longer enjoys the presumption of innocence; moreover[,] an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) [(1991)]; *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) [(1994)].

*Dolphus v. State*, 218 Ga. App. 565, 566 (462 SE2d 453) (1995). Here, the evidence was sufficient to authorize the jury to find Munn guilty of the crimes charged beyond a reasonable doubt. *Jackson*, supra.

2. Next, Munn claims the trial court erred in excusing for cause a juror who was a convicted felon. The juror stated that he was convicted of manslaughter and was sentenced to ten years to serve five after a plea bargain. Munn argues on appeal that the court should have determined whether the juror's civil rights had been restored before dismissing him.

Munn cites to no authority in support of this argument and we find none. The juror stated that he served 33 months of his sentence and never said that his rights had been restored. "Moreover, a defendant has no vested interest in a particular juror but rather is entitled only to a competent and impartial jury. Thus, even assuming that the trial court wrongfully dismissed the prospective juror, the error affords no ground for appeal if, in the end, [the defendant's] case was heard by a competent and unbiased jury." (Citation and punctuation omitted.) *Wagner v. State*, 253 Ga. App. 874, 880 (560 SE2d 754) (2002); *Scott v. State*, 219 Ga. App. 906, 907 (1) (467 SE2d 348) (1996).

3. Next, Munn claims the trial court erred in refusing to excuse for cause a juror who was biased in favor of the State. After questioning the juror, defense counsel asked that the juror be removed for cause. The trial court disagreed that the juror said anything that would be grounds for removal for cause, but asked counsel if she wanted to question the juror again at the bench. Counsel replied that she would. When questioned again, the juror was asked if he could take an oath swearing that he would render a verdict based solely on the evidence. He first replied, "I think I can." When asked again if he could render a verdict on the evidence, he said "yes." No further objection was made. Because counsel failed to renew her objection after further questioning of the juror, this issue is deemed waived on

appeal. See generally *Harris v. State*, 190 Ga. App. 343, 348 (378 SE2d 912) (1989) (it is the duty of counsel to obtain a ruling on her motions or objections and failure to do so will ordinarily result in a waiver).

4. Next, Munn claims the trial court erred in excusing for cause a juror who appeared to be biased against the State. During voir dire, that juror stated that if he had to make a decision right now, it would be "slanted towards acquit." The juror never stated that he could put aside this bias. When asked if he could take the oath that he would render a verdict based on the evidence and the law, he responded, "I would do the best I can. I mean that's the best I can say, I'll do the best I can."

The trial court did not abuse its discretion in excusing this juror. Where, as here, the record reveals a juror with a fixed and definite bias such that he is unable to state that he can put it aside in deciding the case, the court should excuse that juror for cause. *Foster v. State*, 258 Ga. App. 601, 609 (574 SE2d 843) (2002).

5. Munn also claims the trial court erred by improperly instructing the jury on the definition of armed robbery. First, he contends the court failed to give the definition of the term "offensive weapon."

There was no error. Absent a request, the court's failure to define terms used in the charge is not ordinarily grounds for reversal. *Flynn v. State*, 255 Ga. 415, 417 (339 SE2d 259) (1986). The term "offensive weapon" is not one that requires defining absent a request. *Meminger v. State*, 160 Ga. App. 509, 510 (287 SE2d 296) (1981), rev'd on other grounds, *State v. Meminger*, 249 Ga. 561 (292 SE2d 681) (1982). Accord *Smith v. State*, 209 Ga. App. 540, 543-544 (433 SE2d 694) (1993).

Munn also argues that by instructing the jury that they could find him guilty of committing armed robbery with a "replica" of a knife, the jury could convict in a manner not alleged in the indictment. But, the only evidence in this case was that Munn held a knife to the victim's throat. Moreover, the trial court read the indictment verbatim in advising the jury of armed robbery with a knife. There was no error. *Moses v. State*, 270 Ga. 127, 129-130 (508 SE2d 661) (1998). See also *Booker v. State*, 164 Ga. App. 176, 177 (296 SE2d 752) (1982) (trial court's charge which tracks the language of armed robbery statute not error where charge could not have confused or misled the jury).

6. In several enumerations of error, Munn also alleges that defense counsel was ineffective at trial.

> To prevail on a claim of ineffective assistance of trial counsel, [Munn] bears the burden of showing that counsel was

deficient and that, but for the deficiency, there was a reasonable probability that the outcome of his trial would have been different. [*Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984).] A failure to make either of these showings is fatal to an ineffectiveness claim. [Id.] Furthermore, there is a strong presumption that trial counsel provided effective representation, [*Smith v. Gaither*, 274 Ga. 39 (549 SE2d 351) (2001); *Dewberry v. State*, 271 Ga. 624 (523 SE2d 26) (1999),] and we will not use hindsight to judge counsel's reasonable trial strategy and tactics. [*Slade v. State*, 270 Ga. 305 (509 SE2d 618) (1998).]

*Braithwaite v. State*, 275 Ga. 884, 885 (572 SE2d 612) (2002).

First, Munn claims that counsel was ineffective because she failed to present evidence of his prior consistent statements that would have supported his defense that the sex with the victim was consensual. These statements were made to trial counsel when she first interviewed Munn. Counsel acknowledged at the hearing on the motion for new trial that she considered this issue after she received the DNA results. She stated that she realized that she had made herself a witness because she was the only one Munn had told about this. Counsel discussed the matter with someone in her office and considered withdrawing as defense counsel. But, she also realized that it had been 12 days after Munn's arrest before she first talked to him and he gave her this explanation. It was decided that the State could make a good argument that Munn had 12 days to come up with this story and it would be better for Munn that she continue as counsel rather than withdraw at that point.

This was not ineffective assistance. A claim of ineffective assistance is not judged by a standard of errorless counsel or hindsight. Failure to do what Munn now claims should have been done was a considered decision due to counsel's trial strategy and tactics, and not a result of inadequate preparation or presentation. *Roberts v. State*, 267 Ga. 669, 672 (482 SE2d 245) (1997); *Sutton v. State*, 261 Ga. App. 860, 863 (583 SE2d 897) (2003).

7. Next, Munn claims counsel was ineffective for failing to present evidence from a witness who could have impeached the credibility of the victim. This was the testimony of Officer Vizcarrondo who recovered the victim's cab. In his report, the officer wrote that the victim found her cab and reported it to police. Defense counsel stated at the hearing that she initially subpoenaed the officer, because this testimony would raise suspicions about the victim's story. But, counsel learned during trial that the victim was not the person who found the cab; it was someone else from the cab company. Accordingly, she did not call the officer. This was not ineffective assistance.

8. Munn also claims counsel was ineffective for failing to object to the testimony of the investigating officer who stated that Munn never told police that the victim consented to have sex with him. After Munn took the stand and testified that the victim consented to sex, the State was allowed to cross-examine him on his failure to mention this to officers when he made his statement. *McMichen v. State*, 265 Ga. 598, 606 (458 SE2d 833) (1995); *Johnson v. State*, 235 Ga. 355, 357 (219 SE2d 430) (1975); *Traylor v. State*, 217 Ga. App. 648, 651 (458 SE2d 682) (1995). Because "[f]ailure to make a meritless objection cannot be evidence of ineffective assistance," this enumeration is without merit. (Citations and punctuation omitted.) *Fults v. State*, 274 Ga. 82, 87 (548 SE2d 315) (2001).

9. Munn also contends counsel was ineffective for failing to object to the use of his alias in the indictment and at trial. We disagree. "Testimony as to the use of an alias does not place the character of an accused in issue." (Citations omitted.) *McCord v. State*, 268 Ga. 842, 843 (493 SE2d 129) (1997).

10. In light of our holding in Division 2, supra, we need not address Munn's claim that counsel was ineffective for failing to preserve an objection to the trial court's dismissal for cause of the juror who was a convicted felon.

11. Next, Munn claims counsel was ineffective for failing to preserve for appeal her objection to the court's refusal to excuse for cause a juror who Munn states was biased in favor of the State. This claim has been discussed in Division 3, supra.

In addition, we note that in order to prevail on a claim of ineffective assistance regarding voir dire, an appellant must show actual prejudice. *Fults*, supra at 85-86. Even assuming counsel's performance was deficient, he has failed to show that this allegedly deficient performance resulted in actual harm. Id. at 86.

12. In light of our holding in Division 4, supra, we need not consider Munn's claim that counsel was ineffective for failing to preserve an objection to the trial court's dismissal for cause of a juror who was biased against the State.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 28, 2003 — 

*Lohmeier & Lohmeier, Gregory J. Lohmeier*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.