A04A1316. McCARTY v. THE STATE.
(603 SE2d 666)

MIKELL, Judge.

Following a jury trial, Jack McCarty was convicted of disorderly conduct, obstruction of an officer and carrying a concealed weapon. He was sentenced to consecutive one-year terms for the disorderly conduct and obstruction charges and a concurrent one-year term on the weapons charge. McCarty appeals from the denial of his motion

for new trial, challenging the sufficiency of the evidence and the effectiveness of trial counsel. Finding no error, we affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

So viewed, the evidence shows that on July 26, 2002, Corporal Robert Weiss and Sergeant Jack Whisenant of the Ware County Sheriff's Department responded to a domestic call from Deborah Sikes, McCarty's live-in girlfriend, at Aden's Convenience Store. While Weiss was talking to Sikes, McCarty drove up in his car, exited the vehicle, screamed and cursed at Sikes, and hit Weiss's hand. After a brief struggle, McCarty was arrested and taken to the Ware County jail where officers placed him in a holding cell. A short time later, officers discovered a bloody knife in McCarty's sock and noticed an "enormous amount of blood" on the front of his pants. McCarty was taken to the hospital where he was treated for his injuries. McCarty was indicted for disorderly conduct for "[using] opprobrious or abusive words toward [Sikes]"; obstruction of an officer "by resisting arrest and coming toward . . . Weiss in an aggressive manner"; and carrying a concealed weapon.

At trial, McCarty and Sikes testified that the officers repeatedly kicked McCarty. Weiss and Whisenant testified that McCarty injured his elbow and wrists during a brief struggle with the officers and that Whisenant restrained McCarty with his foot, but they denied kicking McCarty. Carolyn Craven, an eyewitness, testified that she saw McCarty and the officers struggle but that she did not see either officer kick McCarty. The jury found McCarty guilty as charged.

McCarty filed a motion for new trial, alleging ineffective assistance of counsel for failure to investigate and present evidence in support of McCarty's defense. At the hearing, McCarty presented several new witnesses who testified that officers restrained McCarty, kicked him, dragged him out of the patrol car and dropped his head on the pavement, and that during the incident one officer entered the store covered with blood. McCarty's court-appointed trial attorney testified that he interviewed McCarty, Weiss, Whisenant and Sikes, and that he reviewed the state's file and police report. Counsel also testified that he tried several times to meet with McCarty, but that McCarty never responded to his phone calls or letters. McCarty first met with counsel at his arraignment. McCarty told trial counsel that

he would bring witnesses for him to interview, but McCarty only brought Sikes. Counsel testified that Sikes struck him as a very poor witness but that McCarty insisted that she testify at trial. Trial counsel did not visit Aden's as he did not believe that McCarty was being candid with him about the incident. When McCarty showed trial counsel pictures of the alleged injuries he sustained during his arrest, trial counsel told him the injuries looked to be self-inflicted cut marks. McCarty insisted on admitting the photographs into evidence even though counsel believed they were damaging to his case. Trial counsel testified that McCarty told him that he carried into the jail a two-bladed knife in his sock; however, at trial, McCarty denied carrying a knife in his sock. The trial court denied McCarty's motion, and he appeals.

1. McCarty contends that he was deprived of effective assistance of counsel because his trial attorney failed to visit the scene, investigate facts, interview eyewitnesses, and adequately prepare for trial. McCarty claims that a proper investigation would have supported his defense that officers beat him and that Sikes provoked him. We disagree.

In order to prevail on a claim of ineffective assistance of counsel, McCarty must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. State*, 275 Ga. 326, 327-328 (3) (565 SE2d 453) (2002). "Failure to satisfy either prong of the *Strickland* standard is fatal to an ineffective assistance claim." (Citation and punctuation omitted.) *Cortez v. State*, 253 Ga. App. 699, 704 (6) (561 SE2d 142) (2002). Moreover, "[McCarty] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct." (Citation and punctuation omitted.) *Jackson v. State*, 277 Ga. 592 (2) (592 SE2d 834) (2004). "Unless it was clearly erroneous, the trial court's determination that a defendant was afforded effective assistance of counsel will not be reversed on appeal." (Citation omitted.) *Cortez*, supra at 704-705 (6).

Here, trial counsel filed several pre-trial motions, made several unsuccessful attempts to meet with McCarty, and contacted and investigated witnesses provided by McCarty. Counsel also extensively cross-examined the state's witnesses and, at McCarty's behest, called Sikes to testify at trial and introduced the photographs of McCarty's alleged injuries. Giving due deference to the trial court's findings, we conclude that counsel's conduct did not fall below an objective standard of reasonableness. See, e.g., *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003); *Pippins v. State*, 263 Ga. App. 453, 459 (4) (b) (588 SE2d 278) (2003); *Salyers v. State*, 276 Ga. 568, 570-571 (5) (580 SE2d 240) (2003). But see *Jowers v. State*, 260

Ga. 459, 461-462 (2) (396 SE2d 891) (1990); *Tenorio v. State*, 261 Ga. App. 609, 611-613 (3) (583 SE2d 269) (2003); *Guzman v. State*, 260 Ga. App. 689, 694 (580 SE2d 654) (2003).

Similarly, we reject McCarty's claim that counsel was ineffective in failing to identify the three "new eyewitnesses" who provided "helpful information" for McCarty. Pretermitting whether those witnesses saw officers beat McCarty, none of them heard McCarty curse at Sikes or hit Weiss; rather, their testimony related to events transpiring *after* McCarty was handcuffed and placed in the patrol car. Since McCarty's criminal actions occurred before any alleged beating, the new witnesses could not have established or supported McCarty's defense.

2. McCarty claims the evidence was insufficient to sustain the convictions. McCarty's sole contention is that "[t]he unprofessional errors by trial counsel, the total lack of defense, and the unreliable and unbelievable evidence . . . do not meet the burden under *Jackson*." We disagree.

Weiss's testimony that McCarty screamed and cursed at Sikes, calling her a "fucking whore" and a "bitch" is sufficient under *Jackson* to find McCarty guilty of misdemeanor disorderly conduct. See OCGA § 16-11-39 (a) (3). Further, Weiss and Craven's testimony that McCarty pushed Weiss's hand and that McCarty struggled when Weiss attempted to handcuff him is sufficient to find McCarty guilty of misdemeanor obstruction of an officer. See OCGA § 16-10-24 (a). Finally, Detention Officer Roderick Johnson's testimony that he recovered a knife from McCarty's sock while McCarty was in the holding cell is sufficient to find McCarty guilty of the misdemeanor charge of carrying a concealed weapon. See OCGA § 16-11-126 (a).

In light of our holding in Division 1, we need not reach McCarty's argument that the evidence was insufficient because of trial counsel's errors.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 4, 2004 —
RECONSIDERATION DENIED AUGUST 27, 2004 —

*James A. Yancey, Jr.,* for appellant.
*Michael D. DeVane, Solicitor-General,* for appellee.