A05A0796. THOMAS v. THE STATE.
(615 SE2d 196)

RUFFIN, Chief Judge.

A jury found Stanley Rico Thomas guilty of armed robbery, two counts of aggravated assault, and three counts of possessing a firearm during the commission of a felony. On appeal, Thomas challenges the sufficiency of the evidence. Thomas also contends that the trial court erred in admitting certain evidence and that he received ineffective assistance of trial counsel. For reasons that follow, we find Thomas's allegations of error lack merit, and we affirm.

1. On appeal from a criminal conviction, "[w]e view the evidence in the light most favorable to the verdict, and [Thomas] no longer enjoys the presumption of innocence."[1] We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain that the evidence is sufficient to prove each element of the crime beyond a reasonable doubt.[2] Moreover, "[c]onflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[3]

Viewed in this manner, the record shows that on August 6, 2001, Bernard Muscroft and his roommate, Jean Lim, were walking home from a trip to the grocery store when they encountered Thomas. Just as the two were about to pass Thomas, he stepped in front of them and pulled a gun from underneath his shirt. While waving the gun from side to side at both Muscroft and Lim, Thomas demanded money from them. The two had no money on them, so Thomas took a gold chain from Muscroft and left.

Muscroft and Lim then returned home and called the police. They told police that they had been robbed by a man wearing a blue and white Hawaiian shirt and a white "Gilligan-style hat." Lim subsequently described the gunman as having "sleepy-looking eyes, kinda like Garfield."

The next day, Officer Crews of the Savannah Police Department was pursuing a 1992 GMC Jimmy in which Thomas was a passenger. Crews saw the truck stop and Thomas "bail[ ] out from the vehicle." At the time, Thomas was wearing a blue and white Hawaiian shirt and a white "bucket-style" hat. Thomas fled, and Crews pursued on foot. During the chase, Thomas discarded the hat, which police retrieved.

That same day, Muscroft and Lim went to the police station to view a photographic lineup, which included Thomas. Both Muscroft and Lim positively identified Thomas as the man who robbed them. Lim also testified that the hat police retrieved during their pursuit of Thomas "appear[ed] to be the hat that was worn by . . . Thomas" during the robbery.

During Thomas's trial, the State presented evidence of two similar transactions. Quincey Johnson testified that on August 3, 2001, Thomas robbed him at gunpoint. And Bennie Williams testified

---

[1] (Punctuation omitted.) *Susan v. State*, 254 Ga. App. 276, 277 (1) (562 SE2d 233) (2002).
[2] See id.
[3] (Punctuation omitted.) Id.

that in October 1995, Thomas and two other men robbed him at gunpoint. According to Williams, Thomas brandished the weapon.

The jury found Thomas guilty. On appeal, Thomas challenges the sufficiency of the evidence supporting his conviction for aggravated assault against Lim. Thomas was charged with committing aggravated assault by "unlawfully mak[ing] an assault upon [Lim], with the intent to rob." According to Thomas, there is no evidence that he intended to rob Lim. Absent such evidence, Thomas contends that his conviction for possessing a firearm during the commission of a felony also cannot stand. We disagree.

"[I]ntent is a question of fact for the jury. It may be found 'upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted.' "[4] Here, the evidence shows that Thomas brandished a gun toward both Muscroft and Lim while demanding money from them. The mere fact that Lim apparently lacked money to give Thomas does not mean that he did not have the requisite intent to rob her.[5] It follows that this claim of error lacks merit.

2. Thomas also claims that the trial court abused its discretion in admitting evidence of similar transactions. According to Thomas, the evidence was not properly admitted for a specific purpose. Thomas further maintains that the other crimes were not sufficiently similar to warrant their introduction in evidence. Finally, Thomas argues that the prejudice to him outweighed any probative value.

The record demonstrates that, prior to trial, the State served Thomas with notice of its intent to introduce evidence of the similar transactions, and the trial court conducted a hearing on its admissibility. During that hearing, the prosecutor set forth the details of the prior crimes before requesting that the "evidence be admitted for the purposes of showing motive, intent, course of conduct, [and] bent of mind. And also, we would ask that . . . this evidence [be admitted] to prove identity." Although Thomas objected to the introduction of this evidence, the trial court found that the evidence was admissible for the purposes urged by the State.

As this Court recently reiterated, a trial court may admit similar transaction evidence if the State is able to demonstrate:

that it is seeking to introduce the evidence for a permissible purpose, there is sufficient evidence that the accused com-

---

[4] *Herndon v. State*, 253 Ga. App. 543, 545-546 (1) (a) (559 SE2d 749) (2002).
[5] See id.; *Murray v. State*, 256 Ga. App. 736, 737-738 (1) (569 SE2d 636) (2002).

mitted the independent offense or act, and there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.[6]

At trial, Thomas's defense consisted largely of claiming that this was a case of mistaken identity — that someone else had assaulted and robbed Muscroft and Lim. Thus, we cannot say that the trial court abused its discretion in admitting evidence of the other two robberies — in which Thomas used the same modus operandi — to establish his motive, intent, bent of mind, course of conduct, and identity.[7]

We also are unpersuaded by Thomas's contention that the prior transactions were not sufficiently similar to the crimes for which he was on trial. All three instances involved Thomas using a handgun to rob strangers he encountered on the streets of Savannah. "A similar transaction need not be identical in order to be admissible."[8] Given the similarities, the trial court did not err in admitting evidence of Thomas's prior robberies.[9]

Finally, we reject Thomas's claim that the trial court should have excluded this evidence on grounds that any probative value was outweighed by its prejudicial impact.

> The true test for admission is whether the evidence of prior incidents was substantially relevant for some purpose other than to show that the defendant committed the crime because he is a person of bad character; evidence which is relevant and material to an issue in the case is not inadmissible solely because it incidentally places a defendant's character in issue.[10]

Again, Thomas's defense at trial involved arguing that Muscroft and Lim mistakenly identified him as the perpetrator. Accordingly, evidence that he committed similar offenses in a like manner was

---

[6] *Pace v. State*, 272 Ga. App. 16 (1) (611 SE2d 694) (2005).

[7] See *Houston v. State*, 270 Ga. App. 456, 459 (1) (606 SE2d 883) (2004) ("incident showed criminal intent through . . . course of conduct and was relevant to show . . . identity through a similar modus operandi"); *Herndon v. State*, 253 Ga. App. 543, 546-547 (2) (559 SE2d 749) (2002) (although similar transaction evidence admitted for more than one purpose, each purpose was specific and proper).

[8] *Houston*, supra at 458.

[9] See id.

[10] Id. at 458-459.

relevant in establishing his course of conduct and identity, and the trial court did not abuse its discretion in admitting evidence of the prior offenses.[11]

3. Thomas asserts that the trial court abused its discretion in failing to grant a mistrial after Bennie Williams "improperly placed [his] character in issue and stated an opinion as to his future dangerousness." Specifically, Williams was asked whether he had any knowledge of the case involving Muscroft and Lim. Williams, in a lengthy and somewhat rambling response, stated:

> This case, . . . I'm not familiar with this case. I haven't . . . on purpose . . . I had a copy of my . . . own statement that I made in 1995 and I . . . glanced at it and I decided not to . . . study it, because I didn't [want to] be prejudiced about it because I . . . tell you what, etched in my mind is a memory of . . . someone that I consider extremely dangerous.

Assuming, for the sake of argument, that this testimony constitutes impermissible character evidence, its admission provides no basis for reversal. It is undisputed that Thomas failed to object to the alleged improper testimony, which precludes appellate review of this issue.[12]

4. In his final enumeration of error, Thomas contends that he received ineffective assistance of trial counsel. In order to prevail on this claim, Thomas bears the burden of "show[ing] both that counsel's performance was deficient and that but for this deficiency, the outcome of the trial would have been different."[13] "Furthermore, there is a strong presumption that trial counsel provided effective representation."[14] We will affirm a trial court's ruling with respect to an ineffectiveness claim unless such ruling is clearly erroneous.[15]

(a) According to Thomas, his trial attorney failed to adequately investigate and prepare and thus did not sufficiently comprehend the facts and law.[16] However, Thomas's attorney testified at the hearing on the motion for new trial, and said that he met with Thomas several times, served discovery on the State, and requested a competency

---

[11] See id.

[12] See *Cobble v. State*, 259 Ga. App. 236, 237 (2) (576 SE2d 623) (2003).

[13] *Reddick v. State*, 264 Ga. App. 487, 497-498 (8) (591 SE2d 392) (2003).

[14] *Munn v. State*, 263 Ga. App. 821, 825 (6) (589 SE2d 596) (2003).

[15] See *Reddick*, supra.

[16] Thomas's argument in this regard is so cursory that it is questionable whether it has been abandoned. "Mere conclusory statements such as those made here are not the type of meaningful argument contemplated [by this Court's rules]." *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999). As Thomas has provided some argument, however pithy, we have exercised our discretion and addressed the claim on its merits.

evaluation, which the trial court granted. After hearing this evidence, the trial court rejected Thomas's claim that his attorney failed to adequately prepare. "Giving due deference to the trial court's findings, we conclude that counsel's conduct [in preparing for trial] did not fall below an objective standard of reasonableness."[17]

In the same claim of error, Thomas asserts that his attorney failed to subpoena two alibi witnesses. Thomas's attorney testified that he could not specifically recall whether Thomas mentioned these alibi witnesses. Counsel further explained that, if he had been told about the witnesses, he almost certainly would have interviewed them. However, he said that, for strategy purposes, he might not have called them as witnesses if their credibility was questionable.

"It is well settled that decisions regarding which witnesses to present are matters of trial strategy. When founded on legitimate evidentiary concerns, such decisions do not constitute ineffective assistance of counsel."[18] Here, assuming that Thomas actually told his attorney about the alibi witnesses, the attorney had a reasonable explanation for his failure to call such witnesses. Moreover, Thomas failed to call his alleged alibi witnesses to testify at the hearing on the motion for new trial. Thus, we have no means of knowing whether their testimony would have been exculpatory. Under these circumstances, Thomas has failed to establish that his trial counsel was ineffective on this basis.[19]

(b) Thomas contends that his attorney was ineffective in failing to seek suppression of Muscroft's and Lim's identification of him as the perpetrator. According to Thomas, the photo array was impermissibly suggestive because he was the only suspect with "sleepy" or "Garfield" eyes. However, Thomas failed to question his trial attorney regarding his alleged failure to file a motion to suppress on this basis. And, absent testimony explaining the trial attorney's rationale, we generally presume such decisions to be strategic.[20]

Moreover, we have reviewed the photo array, which was included in the record, and it was not impermissibly suggestive.[21] To the contrary, the array consists of six photos of men who are of approximately the same age, height, weight, and skin tone. Given that the array was not suggestive, Thomas cannot establish that his attorney was ineffective for failing to seek its suppression.[22]

---

[17] *McCarty v. State*, 269 Ga. App. 299, 301 (1) (603 SE2d 666) (2004).

[18] (Punctuation omitted.) *Thom v. State*, 268 Ga. App. 207, 212 (3) (601 SE2d 741) (2004).

[19] See *Dye v. State*, 266 Ga. App. 825, 829-830 (2) (c) (598 SE2d 95) (2004).

[20] See *Lowery v. State*, 260 Ga. App. 260, 261 (1) (581 SE2d 593) (2003).

[21] See *Shakim v. State*, 211 Ga. App. 199, 200 (1) (438 SE2d 673) (1993).

[22] See *Buchanan v. State*, 273 Ga. App. 174, 178 (1) (a) (614 SE2d 786) (2005).

(c) Thomas argues that trial counsel was ineffective for failing to object to Officer Crews's testimony regarding Thomas's arrest. According to Thomas, he was arrested for a crime that was unrelated to the charges for which he was on trial. Thus, he claims that the State should not have been able to introduce evidence surrounding the arrest as such evidence improperly impugned his character. We find this argument unavailing for multiple reasons, two of which we shall mention here.

Although Crews testified that he arrested Thomas, he did not provide any details regarding the crime for which he was arrested. Thus, Thomas's suggestion that the testimony impermissibly introduced evidence of another crime is not well-founded. Moreover, Thomas fails to acknowledge that, at the time he was arrested, police were still looking for him in connection with the armed robbery and assault of Muscroft and Lim. And as a general rule, "the facts and circumstances surrounding an arrest are generally admissible."[23] As the testimony was admissible, Thomas's attorney cannot be deemed ineffective for failing to object to it.[24]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED MAY 20, 2005.

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Ronald M. Adams*, Assistant District Attorney, for appellee.

---

[23] *State v. Adams*, 270 Ga. App. 878, 881 (2) (609 SE2d 378) (2004).
[24] See *Copeland v. State*, 269 Ga. App. 424, n. 1 (604 SE2d 223) (2004) (failure to assert a frivolous objection does not constitute ineffective assistance).