## A06A1353. HALL v. THE STATE.
(639 SE2d 341)

BARNES, Judge.

Following the denial of his motion for new trial, George Felix Hall appeals his convictions for voluntary manslaughter and aggravated assault. Upon our review, we affirm his convictions.

We note at the offset the troubling delay between Hall's motion for new trial, which was filed on June 8, 2000, the filing of the trial transcript on October 14, 2004, and the amended new trial motion, which was filed on July 22, 2005. In the years preceding his amended new trial motion, Hall apparently attempted on numerous occasions to have an attorney appointed for his appeal, but to no avail until July 22, 2005. In the order denying Hall's motion for new trial, the trial court notes the significant delay but finds that Hall was not prejudiced by the interval.

Notwithstanding the trial court's finding, the courts have a duty "to the citizens of this state to oversee the criminal justice system and

---

to ensure that those who are accused of crimes are tried expeditiously, and that their constitutional rights are protected." *Stone v. State*, 257 Ga. App. 306, 307 (570 SE2d 715) (2002). Indicative of this duty are the "statutorily established time limits [which] clearly indicate the intention of the legislature that criminal matters be resolved promptly," and we, "[t]he judicial branch, [as well as] prosecutors, and the criminal defense bar all have a duty to meet their respective responsibilities in ensuring that criminal cases are promptly resolved." Id.

In this case, however, Hall has not raised a due process challenge to the post-conviction delay in this appeal, and thus we do not consider that issue. *Stone v. State*, supra, 257 Ga. App. at 307; see also *Chatman v. Mancill*, 280 Ga. 253, 256-257 (2) (a) (626 SE2d 102) (2006). Instead, in several enumerations of error he alleges that trial counsel was ineffective, that he did not knowingly and voluntarily waive formal arraignment, and that he was not furnished with available discovery materials. We find these arguments meritless, and affirm.

1. Hall first maintains that he did not knowingly and voluntarily waive formal arraignment. However, the record included a copy of the indictment with Hall's signature indicating that he waived being formally arraigned and pled not guilty. While this form, standing alone, fails to establish that Hall knowingly or intelligently waived rights guaranteed him by the U. S. and Georgia constitutions, *Payne v. State*, 217 Ga. App. 386, 387 (460 SE2d 297) (1995), any error in the lack of arraignment was waived by Hall's failure to raise the issue before the verdict. "The right of formal arraignment and plea will be conclusively considered as waived, where the defendant goes to trial before the jury on the merits, and fails, until after verdict, to bring to the attention of the court that he has not been formally called upon to enter a plea to the indictment." (Citations and punctuation omitted.) *Frazier v. State*, 204 Ga. App. 795 (420 SE2d 824) (1992).

2. Hall also maintains that discovery materials were not made available to him before trial. He argues that because the information was not made available, he was deprived of his right to review the evidence and to discuss it with his attorney.

Under Georgia's reciprocal discovery statute, a defendant who opts into the statute is entitled, among other things, to discovery of certain materials in the State's possession and, in return, is required to provide reciprocal discovery of such material to the State.

> The defendant is also entitled to review and copy any documents or other items in the State's possession, including scientific reports, which the State intends to use as direct or rebuttal evidence (OCGA § 17-16-4 (a) (3) and (4)). In return for this entitlement, the defense is required, among

other things, to provide reciprocal discovery of documents and items in its possession (OCGA § 17-16-4 (b)) and to provide discovery regarding any alibi defense (OCGA § 17-16-5).

*Baker v. State*, 238 Ga. App. 285, 286 (1) (518 SE2d 455) (1999). OCGA § 17-16-2 (a) requires that "the defendant provide[ ] written notice to the prosecuting attorney that such defendant elects to have this article apply to the defendant's case." Absent such notice, the provisions of OCGA § 17-16-4 (a) do not apply. *Wright v. State*, 226 Ga. App. 848, 850 (4) (487 SE2d 405) (1997).

Here, however, Hall does not show that he elected to proceed under the reciprocal discovery statute, what materials were withheld, or how their availability might have changed the outcome of his trial. Without such a showing, "the assignment of error is so incomplete as to preclude its consideration by this court." (Punctuation omitted.) *Thomas v. State*, 224 Ga. App. 816, 817 (1) (482 SE2d 472) (1997).

3. In 16 enumerations of error, Hall argues that his trial counsel was ineffective. To prevail on this claim, Hall must show both that trial counsel's performance was objectively deficient and that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). "There is a strong presumption that trial counsel's performance [fell] within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Punctuation omitted.) *Sanders v. State*, 236 Ga. App. 578, 581 (2) (512 SE2d 678) (1999). We must affirm the trial court's finding that counsel was effective unless it is clearly erroneous. Id.

Hall submits an exhaustive list of alleged errors by his trial counsel, all of which we reject.

(a) Hall claims that trial counsel failed to file a plea in bar seeking to dismiss the case on the grounds of double jeopardy.

The State concedes that a jury was selected to try Hall's case on November 22, 1999. Apparently the jury was excused and told to report the following week, then ultimately dismissed. There is no transcript of the proceeding, so the reason for the dismissal is not known.[1] Another jury was selected for Hall's trial on March 20, 2000. Although Hall contends that his attorney was ineffective for failing to make a double jeopardy claim after the November jury was struck, the trial court at the hearing on the new trial motion found as a

---

[1] The trial court noted that the delay could have been because Hall's court-ordered mental evaluation was not completed before the first jury returned, and was not performed until January 2000.

matter of fact that the first panel of jurors had not been sworn before its dismissal. In its order denying Hall's new trial, the trial court held that trial counsel was not ineffective for failing to recognize and investigate a double jeopardy claim because

> [t]he same judge presided and competent lawyers appeared in both procedures; and all by their silence — and with just cause — sanctioned the release of the first jury. An effort to assert jeopardy or double jeopardy would have been useless if all principals knew and accepted as reasonable the dismissal of the first jury without being sworn because of the lack of the mental evaluation.

"A defendant is placed in jeopardy when, in a court of competent jurisdiction with a sufficient indictment, he has been arraigned, has pled and a jury has been impaneled and *sworn*." (Emphasis supplied.) *Shaw v. State*, 239 Ga. 690, 692 (1) (238 SE2d 434) (1977); OCGA § 16-1-8 (a) (2). The court reporter working on November 22 testified that she had worked with the presiding trial judge for many years and "a jury was never sworn prior to the day that trial started." Thus, embodied in the trial court's ruling are findings of facts, which we accept unless clearly erroneous.

When considering claims of ineffectiveness of counsel, the trial court determines witness credibility. *Brower v. State*, 230 Ga. App. 125, 126 (2) (495 SE2d 600) (1998); *Randolph v. State*, 225 Ga. App. 324 (484 SE2d 1) (1997). Here, the trial court's denial of the ineffectiveness claim based on the double jeopardy claim was not clearly erroneous, and we find no merit in this enumeration. See *Noble v. State*, 220 Ga. App. 155, 157 (1) (469 SE2d 307) (1996).

(b) Hall's remaining claims regarding the effectiveness of his trial counsel are that: counsel failed to request a transcript, conducted an inadequate voir dire, took no curative action after a juror was impaneled who knew him, gave a perfunctory opening statement, did not object to several statements made in the State's opening statement, failed to file a *Batson* motion when the State struck three out of four African-American members of the jury pool, and was not prepared for trial.

We note that Hall merely lists his trial counsel's alleged deficiencies with perfunctory, at best, arguments to support his claims. In several enumerations, he provides no cites to the record or supporting authority. He in no way demonstrates how, absent his attorney's alleged deficiencies, the outcome of his trial would have been different.

As Hall failed to meet his burden of showing any prejudice from his attorney's alleged deficiencies, we need not address whether the

attorney's performance was professionally reasonable. *Brown v. State*, 225 Ga. App. 49, 51 (1) (b) (483 SE2d 318) (1997). In addition, a strong presumption exists that trial counsel performed within the wide range of reasonable professional assistance. *Davis v. State*, 238 Ga. App. 84, 89 (7) (517 SE2d 808) (1999). Moreover, as Hall's attorney was not present at the hearing on the new trial motion, "absent testimony explaining [his] rationale," we presume that trial counsel's decision was a strategic one, *Thomas v. State*, 273 Ga. App. 357, 362 (4) (b) (615 SE2d 196) (2005), and we will only find ineffective assistance of counsel when a strategic decision is so patently unreasonable that no competent attorney would have made it. *Kilpatrick v. State*, 252 Ga. App. 900, 902 (1) (557 SE2d 460) (2001).

Accordingly, we conclude that trial counsel's error did not prejudice the defense and Hall's ineffective assistance of counsel claim fails.

*Judgment affirmed. Bernes, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED NOVEMBER 2, 2006 —
RECONSIDERATION DENIED NOVEMBER 28, 2006.

*Layne & Layne, Alan P. Layne,* for appellant.
*Steven Askew, District Attorney,* for appellee.

