## A11A0743. GREEN v. THE STATE.
(714 SE2d 646)

DOYLE, Judge.

Following a jury trial, Brian Green appeals his conviction of armed robbery[1] and kidnapping[2] (two counts each), contending that (1) he received ineffective assistance of counsel based on his trial counsel's failure to object to a jury instruction that allegedly expanded the indictment, and (2) the evidence was insufficient to prove the asportation element of the kidnapping offenses. For the reasons that follow, we affirm.

Construed in favor of the verdict,[3] the evidence shows that in December 2005, Melissa Carlisle was working as a sales associate at a bookstore, along with Ben Creekmore, who was working as an assistant manager. Just before closing time, Green entered the store, having been there approximately 20 minutes before. After perusing the gift displays with Carlisle, Green accompanied her to the cash register so he could check out. As Carlisle opened the cash drawer, Green reached over the counter and grabbed the money in the drawer. Carlisle resisted, and Green produced a handgun and said, "Let me show you what I'm all about." Carlisle called out to Creekmore for help. Creekmore came from another part of the store, and Green, having cleaned out the cash drawer, forced both Carlisle and Creekmore to walk approximately 100 feet to the back of the store, where the safe was located. Once at the back of the store, Creekmore told Green that there was no safe, and Green slapped him, saying, "Don't f— with me." Green then forced Carlisle, who did not have access to the safe, into an adjacent office and demanded that Creekmore open the safe. After the safe was opened, Green took a bag full of money, put Creekmore in the office with Carlisle, told them not to call the police, closed the door, and fled.

After they were sure that Green was gone, Carlisle called the police, while Creekmore went to the front of the store to lock the door. The police arrived shortly thereafter and conducted an investigation. A few days later, Carlisle and Creekmore identified Green in a photo lineup as the armed robber.

---

[1] OCGA § 16-8-41 (a).

[2] OCGA § 16-5-40 (a).

[3] See Short v. State, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Green was charged with two counts of armed robbery, two counts of kidnapping, and one count of terroristic threats. The jury returned a guilty verdict on all counts, and the trial court entered a judgment of conviction on all counts, later vacating the terroristic threats conviction due to a defect in the indictment. Green now appeals from the denial of his motion for new trial as to the armed robbery and kidnapping counts.

1. Green contends that he received ineffective assistance of trial counsel based on counsel's failure to object to the jury charge on armed robbery, which, he argues, improperly expanded the indictment. We disagree.

Under *Strickland v. Washington*,[4] to succeed on an ineffective assistance claim, a criminal defendant must demonstrate both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance.[5] "There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case."[6] If an appellant fails to meet his burden of proving either prong of the *Strickland* test, the reviewing court need not examine the other prong.[7] In reviewing the trial court's decision, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[8]

Green argues that his trial counsel should have objected to a discrepancy between the armed robberies as alleged in the indictment and the manner in which the jury was charged on the armed robbery offenses. Counts 1 and 2 of the indictment, which the trial court did not read to the jury but sent back with the jury during deliberations with instructions for them to carefully read it, alleged as follows: "Brian Green . . . did enter the Family Christian Bookstore with the intent to commit theft and took money from the cash register . . . by use of an offensive weapon, to wit: a handgun, contrary to the laws of [Georgia]. . . ."

By contrast, the jury charge on armed robbery given by the trial court stated as follows: "A person commits armed robbery when,

---

[4] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] See id. at 687-688, 694 (III) (A)-(B).

[6] (Citation and punctuation omitted.) *Williams v. State*, 277 Ga. 853, 857 (6) (596 SE2d 597) (2004).

[7] See *Strickland*, supra, 466 U. S. at 697 (IV); *Fuller v. State*, 277 Ga. 505, 507 (3) (591 SE2d 782) (2004).

[8] (Punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

with intent to commit theft, that person takes property of another from the person or immediate presence of another by the use of an offensive weapon, *or by any replica, article, or device having the appearance of such weapon.*"[9] Green contends that the italicized portion of the jury charge, which did not appear in the indictment, allowed the jury to convict him of the crime in a manner not alleged in the indictment. Therefore, he argues on appeal that his trial counsel performed deficiently by not objecting to the jury charge.

> It is error to charge the jury that a crime may be committed by alternative methods, when the indictment charges it was committed by one specific method. If there is a reasonable possibility that the jury convicted the defendant of the commission of a crime in a manner not charged in the indictment, then the conviction is defective because of a fatal variance between the proof at trial and the indictment returned by the grand jury.[10]

Here, the sole evidence of Green's weapon was that it was a gun. Each victim referred to it only as a handgun and explicitly referred to his or her fear of being shot. There was no evidence that the object held by Green in this case was anything other than a handgun. There was evidence that Green partially concealed the weapon with a glove, but "[u]nless there is some evidence that appellant committed an armed robbery by use of any replica, article or device having the appearance of an offensive weapon, there is no reasonable [possibility] that the jury convicted him of the commission of this type. . . ."[11] The evidence uniformly showed that the article used in this robbery was a handgun. Therefore, based on this record, there is not a reasonable likelihood that the jury convicted Green of robbing the victims with a replica, and this enumeration presents no basis for reversal.[12]

2. Green also contends that the evidence failed to support the guilty verdict as to kidnapping, arguing that the State failed to prove the asportation element of the offense. We disagree.

OCGA § 16-5-40 (a) defines the kidnapping offense as follows: "A person commits the offense of kidnapping when such person *abducts or steals away* another person without lawful authority or warrant

---

[9] (Emphasis supplied.)

[10] (Citation and punctuation omitted.) *Pettway v. State*, 204 Ga. App. 804-805 (420 SE2d 619) (1992).

[11] Id. at 804-805. See also *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987).

[12] See *Pettway*, 204 Ga. App. at 804.

and holds such other person against his or her will."[13] We must evaluate the sufficiency of the evidence of abduction or stealing away by analyzing the following four factors:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.[14]

"Not all of the four factors must favor the [S]tate in order to prove asportation."[15]

Here, the evidence showed that after he robbed the cash register, Green forced Carlisle and Creekmore to move approximately 100 feet at gunpoint from the front of the store to the back of the store and later further back into an office where he closed the door with the employees inside. The only windows were at the front of the store, so the victims could not be seen by anyone outside of the empty store. Although the forced movement to the back of the store may have initially been in furtherance of the robbery of the safe, the further movement into the back office occurred after the robbery was completed. This movement was not a necessary or inherent part of the robbery. Rather, the movement

> created additional danger to the employees by isolating them and reducing their chances of rescue, enhanced [Green]'s control over them, and enabled [Green] to avoid apprehension and to effect his escape from the scene. Under these circumstances, the movement at issue was not simply a criminologically insignificant circumstance attendant to the armed robberies, but was in the nature of the evil the kidnapping statute was originally intended to address.[16]

---

[13] (Emphasis supplied.)

[14] *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008). In 2009, the legislature amended OCGA § 16-5-40 to provide that slight movement is sufficient evidence of asportation, as long as the movement is not incidental to another offense. OCGA § 16-5-40 (b) (1) (2009); Ga. L. 2009, p. 331, § 1. The amendment also defines the circumstances under which the movement is not merely incidental to another offense. See OCGA § 16-5-40 (b) (2) (2009); Ga. L. 2009, p. 331, § 1. However, the amendment only applies to crimes committed on or after the amended statute's effective date of July 1, 2009, and, therefore, is not applicable in the present case. *Walker v. State*, 305 Ga. App. 607, 611-612, n. 1 (699 SE2d 902) (2010).

[15] *Walker*, 305 Ga. App. at 612 (1) (b).

[16] (Punctuation omitted.) Id.

Accordingly, there was sufficient evidence of asportation to support Green's kidnapping convictions.[17]

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JULY 1, 2011 —
RECONSIDERATION DENIED JULY 14, 2011 —

*Brian Steel*, for appellant.

*David McDade, District Attorney, Marc A. Watkins, James A. Dooley, Assistant District Attorneys*, for appellee.

---

[17] See *Henderson v. State*, 285 Ga. 240, 244-245 (5) (675 SE2d 28) (2009); *Verdree v. State*, 299 Ga. App. 673, 681-682 (5) (a) (683 SE2d 632) (2009); *Brower v. State*, 298 Ga. App. 699, 707 (2) (680 SE2d 859) (2009); *Flores v. State*, 298 Ga. App. 574, 576-577 (1) (680 SE2d 609) (2009) (short duration of movement not dispositive).