A90A1663. JONES v. THE STATE.
(401 SE2d 584)

SOGNIER, Chief Judge.
Rudolph Jones was convicted of burglary, aggravated assault with intent to rob, possession of a firearm during the commission of a crime, and attempting to elude a police officer. He appeals.

Appellant's sole enumeration is that there was a fatal variance between the allegata and the probata as to the aggravated assault charge. He contends his conviction on that count must be reversed because the indictment charged him with committing aggravated assault with intent to rob (OCGA § 16-5-21 (a) (1)), but the State's evidence failed to prove that intent, instead establishing either aggra-

vated assault with a deadly weapon (OCGA § 16-5-21 (a) (2)) or aggravated assault with intent to murder (OCGA § 16-5-21 (a) (1)).

The testimony adduced at trial established that the victim drove up her driveway to her home on the afternoon of September 7, 1989, and saw an unfamiliar car with open doors parked next to her patio. Noticing broken glass strewn on the patio, she concluded her house was being burglarized. The victim began honking her truck horn, and two men, one of whom she identified as appellant, ran out of the house. She testified that appellant was brandishing a pistol and fired three shots at her as she backed down the driveway, hitting her truck twice. She drove to a neighbor's house and called police, who apprehended appellant and his accomplice after a short chase. An inventory of the contents of the perpetrators' car exposed a number of items the victim and her husband identified as belonging to them. They specifically identified the pistol appellant fired at the victim as belonging to the husband.

We find no merit in appellant's argument. The uncontroverted evidence showed that at the time he fired at the victim, appellant was fleeing her house with her belongings, including the very pistol used in the assault. See *Moore v. State*, 190 Ga. App. 278, 282 (3) (378 SE2d 880) (1989). "The jury was authorized to conclude that appellant [fired] the gun at [the victim] to further the robbery, and they were thus authorized to convict appellant of the offense as charged. [Cit.]" Id. at 283.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 24, 1991.

*Langdale, Vallotton, Chapman & Linahan, William J. Linahan, Samuel F. Greneker*, for appellant.

*H. Lamar Cole, District Attorney, J. David Miller, Assistant District Attorney*, for appellee.