A99A0476. WORTHY v. THE STATE.
(515 SE2d 869)

BLACKBURN, Presiding Judge.

Ulysses Worthy appeals his convictions, following a jury trial, of armed robbery and possession of a firearm by a convicted felon. Worthy contends that the trial court erred (1) by failing to grant a mistrial after the prosecutor made improper comments during opening statements; (2) by failing to charge on the lesser included offense of robbery; and (3) that the sentencing requirements of OCGA § 17-10-7 are unconstitutional. For the reasons set forth below, we affirm Worthy's convictions.

1. During the State's opening statement, the prosecutor said:

[T]hat is what we expect the evidence to show. And I would anticipate that you will be able to hear from these witnesses tomorrow and that at the close of all of the evidence, both our evidence and any evidence that Mr. Worthy cares to put up, or has to put up, if he chooses to do that, that I'll have an opportunity to come back to you and talk to you again. And at that point we'll ask you to find, to reach a verdict, and the

word verdict means simply to speak the truth, and that the truth of this case, based on all of the evidence, is that Mr. Worthy is guilty of the offense of armed robbery.

After the prosecutor's opening statement, defense counsel reserved the right to make an opening statement and then approached the bench for an off-the-record discussion. At the conclusion of this discussion, and out of the hearing of the jury, defense counsel made a motion for a mistrial contending that the State inappropriately commented on Worthy's decision whether to put up any evidence, specifically whether he would testify. The prosecutor stated that her comment was intended to convey that the jury should listen to all the evidence including any evidence the defendant might put up. She argued that her comments implied that the defendant had a choice, not a duty, to present evidence. The trial court denied the motion for mistrial but gave the jury curative instructions regarding presumption of innocence and burden of proof.

> To reverse for improper comment by the prosecutor, we must find one of two things: that the prosecutor's manifest intention was to comment upon the accused's failure to testify or that the remark was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify. . . . We cannot find that the prosecutor manifestly intended to comment on the defendants' failure to testify, if some other explanation for his remark is equally plausible. [Additionally,] a prosecutor's comment on the uncontradicted state of the evidence would not necessarily be construed by the jury as a comment on the defendant's failure to testify.

(Punctuation omitted.) *Ranger v. State*, 249 Ga. 315, 319 (3) (290 SE2d 63) (1982).

> Given the indirect character of the comment at issue, the prosecutor's explanation for the remark, and the fact that it was given in the opening statement at a time prior to the presentation of any evidence in the case, we conclude under the *Ranger v. State* test that there was no manifest intent by the prosecutor to comment on the defendant's failure to testify, and that the jury would not necessarily take it as such an improper comment.

*Havron v. State*, 234 Ga. App. 413, 415 (2) (506 SE2d 421) (1998) (mistrial properly denied where prosecutor commented in opening statement " '(Y)ou've got to look at it yourself and say do I believe

(the victim) or do I believe the Defendant' "). Therefore, the trial court did not abuse its discretion in failing to grant Worthy's motion for mistrial. See *Martin v. State*, 193 Ga. App. 581, 587 (4) (388 SE2d 420) (1989) (trial court's ruling on motion for mistrial based upon alleged improper argument will not be reversed unless manifestly abused).

2. In his second enumeration of error, Worthy contends that the trial court erred by failing to charge the jury on his sole defense of the lesser included offense of robbery. Worthy was indicted for armed robbery in that, with the intent to commit theft, he took money from Saleem Ajani "by the use of a handgun, the same being an offensive weapon." Worthy's defense at trial was that, while he did commit the theft, because the gun was not loaded, it was not a weapon and he should not be found guilty of armed robbery. Worthy argues that he did not intend to commit *armed* robbery, but just robbery.

OCGA § 16-8-41 (a) provides, in pertinent part, that "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person . . . by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." This statute does not require the use of a gun containing ammunition. In fact, the State does not have to prove that the gun was loaded. See *Moody v. State*, 216 Ga. 192, 193 (2) (115 SE2d 526) (1960). Additionally, the statute does not require that the defendant had the intent to commit *armed* robbery, but merely that the defendant had the intent to commit theft and did so with an offensive weapon "or [any] device having the appearance of such weapon."

> A written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense. However, where the state's evidence establishes all of the elements of an offense and there is no evidence raising the lesser offense, there is no error in failing to give a charge on the lesser offense.

(Citation, punctuation and emphasis omitted.) *Fleming v. State*, 233 Ga. App. 483, 484-485 (2) (504 SE2d 542) (1998). Here, the State's evidence established all the elements of armed robbery, including Worthy's confession on the witness stand that he committed the theft with the use of a gun, albeit unloaded. The evidence did not support a charge on robbery, and the trial court did not err in failing to give the defendant's request to charge thereon.

3. By several enumerations of error, Worthy contends that OCGA § 17-10-7 violates his constitutional rights by allowing grossly

disproportionate sentencing, violates due process by not allowing mitigating evidence, and violates equal protection. These issues have been decided adversely to Worthy in *Ortiz v. State*, 266 Ga. 752, 753 (2) (470 SE2d 874) (1996).

*Judgment affirmed. Barnes, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 8, 1999 — ▮▮▮▮▮▮▮▮

*Cynthia A. Price*, for appellant.
Ulysses Worthy, *pro se.*
*J. Tom Morgan, District Attorney*, for appellee.