## A01A2098. HERNDON v. THE STATE.
### (559 SE2d 749)

SMITH, Presiding Judge.

Joseph Andre Herndon was indicted in Fulton County on one count of armed robbery and two counts of aggravated assault. He was tried by a jury and found guilty as charged. His amended motion for new trial was denied, and he appeals. Herndon raises eight enumerations of error, challenging the sufficiency of the evidence, the admission of evidence of similar crimes, and portions of the trial court's charge to the jury and its recharge. Finding no merit in any of his contentions, we affirm.

Viewed to support the jury's verdict, the evidence presented at trial showed that during a forty-minute period one afternoon,

attempted robberies occurred at three sandwich shops in north Fulton County. Herndon testified that he did not commit these crimes, but three victim eyewitnesses identified him as the person who robbed or attempted to rob them. The first incident occurred at a Blimpies restaurant. At about 2:30 p.m., the wife of the owner was working in the store. A man entered wearing a bluish-green sweat-shirt with a hood. The hood was drawn up over the man's face with the drawstring in his mouth. The man initially asked about the special, but when the victim turned, she observed a gun pointed at her. While pointing the gun, the man said, " 'come here, come here.' " Although she believed the robber wanted money, she was too frightened to approach the cash register and instead called out for her husband and the police. When her husband emerged from the back room, the gunman fled. This victim had faced the robber from about three feet away, and she was able to get a good look at him.

The second incident occurred at a Subway restaurant on Roswell Road in Sandy Springs. At about 3:00 p.m., a black man entered wearing a hooded sweatshirt, which looked green to the owner of the store, the victim. The hood was drawn over the man's face, but the victim was standing "fairly close" to him and could see his face. The man dropped a plastic bag on the counter and instructed the victim to "fill up the bag with money." The victim saw a steel handgun with a pearl handle, and he followed the robber's instructions. Although he could not understand what the robber was saying, he testified that when he "spotted the gun, I knew what was happening." He handed over the bag with approximately $250. As the robber left, the victim observed that he was wearing jeans and that the green sweat-shirt also had navy blue on the bottom. The owner called the police, and an officer responded but was called away because another robbery was taking place nearby. This victim was later shown a photographic lineup, and he identified Herndon as the robber.

The third incident took place at another Subway restaurant on Roswell Road. An employee was working behind the counter when a black man entered and "jumped the line." The victim testified that the man was wearing a green jacket with a hood over his head. When the man placed a clear plastic bag on the counter and said "fill it up," the victim noticed the man had also placed a small, metallic gun with a pearl handle on the counter. The man pointed the gun at the victim, who was able to see the man's face. When the victim slammed a door leading to the back room, the gunman left without getting any money.

A Fulton County police detective who drove to all three restaurants testified that they could easily be reached within forty minutes at that time of day. This detective was called by a Douglasville police lieutenant because an attempted armed robbery had taken place at a

Blimpies restaurant in Douglas County the day after the three Fulton County incidents, and the two officers compared notes. A lookout was broadcast in Douglas County for a black male wearing a hooded sweatshirt and having a small silver handgun and driving a blue Hyundai Excel with a certain tag number. Based upon this description, a car was stopped in Douglasville within minutes of the attempted robbery there. Herndon was the driver of that vehicle. A green and purple hooded sweatshirt was found in the car, and a silver-colored handgun with a pearl handle was found at the side of the road near the car. Herndon was arrested for attempted robbery of the Douglasville restaurant and aggravated assault on the Douglas County victim. He was indicted and tried on those charges and found guilty by a jury.[1] Certified copies of the indictment and jury verdicts on the Douglas County charges were introduced into evidence in the Fulton County trial as similar transactions.

The victim of the first Fulton County attempted robbery identified the sweatshirt recovered from the car as the one worn by the man who robbed her restaurant and the gun recovered near the car as that displayed by the robber. The victim of the Fulton County Subway robbery also identified both the sweatshirt and the handgun, and he also identified Herndon as the robber at trial. The third Fulton County victim testified that the sweatshirt admitted into evidence was the same color as the one worn by the man who attempted to rob him and the gun admitted into evidence was the same size metallic gun with pearl handle as that displayed during the attempted robbery. Herndon testified at trial, and although he denied committing the crimes, he acknowledged that the sweatshirt found in the car and admitted into evidence belonged to him.

1. In three enumerations of error, Herndon contends the evidence was insufficient to authorize the jury to find him guilty of any of the charges.

(a) He argues that he could not have been found guilty of aggravated assault on the first victim because her testimony at trial was not as strong as that she gave in the earlier Douglas County trial and because no evidence was presented that Herndon pointed the pistol at her while demanding money, with the intent to rob, as alleged in the indictment. It is true that no evidence was presented that Herndon ever actually demanded money from this victim. But intent is a question of fact for the jury. It may be found "upon consideration of the words, conduct, demeanor, motive, and all other circumstances

---

[1] Herndon's conviction in Douglas County was affirmed on appeal. *Herndon v. State*, 229 Ga. App. 457, 460-461 (11) (494 SE2d 262) (1997), overruled on other grounds, *Felix v. State*, 271 Ga. 534, 537, n. 3, 540 (523 SE2d 1) (1999); *Howard v. State*, 233 Ga. App. 724, 729 (7) (505 SE2d 768) (1998).

connected with the act for which the accused is prosecuted." OCGA § 16-2-6; *Thompson v. State*, 271 Ga. 105, 107 (1) (519 SE2d 434) (1999). Herndon's intent to rob was clear enough from the totality of the circumstances to authorize the jury to find him guilty of aggravated assault with intent to rob, as alleged in the indictment. *King v. State*, 213 Ga. App. 268, 269-270 (444 SE2d 381) (1994).

(b) Herndon contends the evidence was insufficient to support his conviction for armed robbery of the second victim. The indictment alleged that Herndon took money from the person and presence of this victim "by intimidation and by use of a handgun, an offensive weapon." The specific basis for this enumeration is unclear, although Herndon does recite that the gun was not pointed at the victim, that although the victim identified Herndon from a photographic array, he saw only a part of the robber's face during the robbery, and that this victim's testimony in the Douglas County trial was less certain than his testimony in this trial. But a person commits armed robbery "when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." OCGA § 16-8-41 (a). Herndon took money from this victim using a handgun, regardless of whether it was pointed at the victim. The victim positively identified Herndon as the robber, and the jury was authorized to find Herndon guilty.

(c) Regarding the third victim, Herndon appears to argue that minor discrepancies in this victim's testimony and the fact that this victim had difficulty remembering whether certain details pertained to this attempted robbery or several other armed robberies at his restaurant rendered the evidence insufficient to support conviction. But these discrepancies go only to the weight to be given evidence by the jury, not its sufficiency. *Duncan v. State*, 232 Ga. App. 157, 159 (2) (500 SE2d 603) (1998).

The evidence presented at trial was sufficient to authorize the jury to find Herndon guilty of all three charged crimes under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Herndon asserts error in the trial court's admission of evidence concerning the Douglas County crime as a similar transaction. He argues that the State did not identify a specific appropriate purpose authorizing introduction of this evidence or to relate the Douglas County crime to such purpose and that the trial court did not make appropriate findings on the record or inform the jury unambiguously of the specific purpose for which they could consider the Douglas County crime. We do not agree.

We note initially that we agree with the State that the Douglas County attempted robbery was a continuation of a crime "spree" crossing county lines and therefore admissible as part of the res ges-

tae. *Baird v. State*, 207 Ga. App. 44-45 (1) (427 SE2d 37) (1993). Uniform Superior Court Rule 31.3 therefore does not apply. *Beasley v. State*, 269 Ga. 620, 623 (4) (502 SE2d 235) (1998).

Even were this not the case, both the prosecutor and the trial court complied with the rule's provisions. The prosecutor stated that the purpose of introducing the Douglas County incident was to show Herndon's "motive, his course of conduct, his bent of mind, his plan, his scheme and his opportunity." Although this statement includes more than one purpose, each was specific and proper. The evidence was related to these purposes in showing criminal intent through Herndon's course of conduct. See *Cole v. State*, 216 Ga. App. 68, 70 (1) (453 SE2d 495) (1994). It was also relevant to show Herndon's identity through a similar modus operandi. The trial court did make appropriate findings on the record. And although a finding was not made on the record that this evidence's probative value outweighed its prejudicial impact, such a finding need not be made expressly. It is implicit in a trial court's finding that similar transaction evidence is relevant. *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995). As to the jury instruction, given that Herndon did not submit his own request to charge on this point, it was not error for the trial court to instruct the jury that Herndon was on trial only for the Fulton County crimes and that the jury's consideration of the Douglas County crime was limited to its showing, if it did, that Herndon used a similar scheme, plan, and course of conduct.

3. Herndon maintains the trial court erred in giving an "impermissible sequential charge" on robbery by intimidation as a lesser included offense of armed robbery, in violation of *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996), and *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1998), by compelling the jury to reach a unanimous verdict on the greater offense before considering the lesser offense. The court charged the jury:

> If you do not believe beyond a reasonable doubt that the defendant is guilty of armed robbery, but do believe beyond a reasonable doubt that the defendant is guilty of robbery by intimidation, which we call it a lesser included offense of armed robbery. Now, I am going to define it for you, but if you find he is guilty of armed robbery, then you don't consider robbery by intimidation, but if you do not find him guilty beyond a reasonable doubt of armed robbery, then you are authorized to consider robbery by intimidation.

Contrary to Herndon's contention, the charge given did not require unanimity on the charged offense before considering the lesser offense. This case is unlike *Cantrell*, supra. In that case, the court's

initial charge to the jury may have passed muster, but when the jury reported it was deadlocked on the greater charge, the court "asked if the jury was able to agree *unanimously* one way or the other on the intent to distribute charge." (Emphasis in original.) Id. at 701. The court in *Cantrell* noted that it had "no quarrel with" a charge that a jury should not consider a lesser offense unless the defendant be found not guilty of the greater offense, "so long as the court does not insist upon unanimity and is willing to accept a verdict on the lesser offense." Id. at 702, n. 2. The trial court in this case heeded the advice given in *Kunselman* to follow the pattern charge, which, rather than requiring an acquittal on the greater charge before considering the lesser, requires the inverse: a finding that the jurors do not believe beyond a reasonable doubt that the defendant is guilty of the greater offense. *Kunselman*, supra at 325 (1). We find no error.

4. In two enumerations, Herndon contends the trial court impermissibly broadened Count 2 of the indictment in its charge to the jury and in a supplemental charge by reading the entire Code section on armed robbery. The indictment charged Herndon with committing armed robbery "by use of a handgun, an offensive weapon." The trial court did not read the indictment to the jury, although it went out with the jury. In its instruction to the jury, the trial court charged that "[a] person commits armed robbery when, with the intent to commit a theft, that person takes property of another, from the person or the immediate presence of another by use of an offensive weapon or by any replica, article or device having the appearance of such a weapon." Herndon argues that the jury reasonably could have found him guilty of using a "replica, article or device having the appearance of such a weapon."

A jury charge that deviates from the language of the indictment violates the defendant's right to due process of law when evidence has been introduced at trial that would support a conviction on the unalleged manner of committing the crime, and the jury has not been instructed that it must limit its consideration to the manner specified in the indictment. *Harwell v. State*, 270 Ga. 765, 766 (1) (512 SE2d 892) (1999). Here, as in *Harwell*, no such limiting instruction was given. The deciding factor is therefore whether evidence was presented from which the jury could have concluded that Herndon committed armed robbery by means of a "replica, article or device having the appearance of an offensive weapon."

No such evidence was presented. Although the Douglas County officer testified that the gun found was recovered with an empty magazine and was broken on one side, it was nevertheless an actual handgun, not a replica. The armed robbery statute does not require

the use of a gun containing ammunition. *Worthy v. State*, 237 Ga. App. 565, 567 (2) (515 SE2d 869) (1999). In this case, the

> evidence was undisputed that a handgun was used in the commission of the robbery, and although the court did not read directly from the indictment in the course of charging the jury, the indictment went out with the jury during its deliberations. Considering the charge in its entirety in connection with the evidence adduced at trial, the jury could not have been misled into convicting appellant of armed robbery by any means other than as charged in the indictment.

(Citation omitted.) *Daniels v. State*, 207 Ga. App. 689, 690-691 (2) (428 SE2d 820) (1993).

5. Herndon asserts that the trial court erred in permitting the Douglas County officer to testify to his course of conduct, which was based upon hearsay statements to him from the victim, who did not testify at trial. Herndon's hearsay objection to the description of the perpetrator given to the officer was sustained twice. For the most part, the officer testified to his own actions and observations. Any hearsay that was admitted through this officer was harmless, because it was cumulative of other evidence that Herndon was the person arrested driving the blue Hyundai after a brief police chase, that the sweatshirt admitted into evidence and identified by the victims of the three Fulton County crimes was found in the car he was driving, and that the gun also identified by the victims was found on the ground nearby. "The admission of hearsay identification evidence is harmless error where such evidence is merely cumulative or supported by a positive identification and other corroborative circumstances." (Citations and punctuation omitted.) *White v. State*, 273 Ga. 787, 791 (4) (546 SE2d 514) (2001).

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 31, 2002.

*Christine M. McDonald, James J. Lacy*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.