A07A1354. GONZALES v. THE STATE.
(650 SE2d 401)

BLACKBURN, Presiding Judge.

Following a jury trial, Lawrence Gonzales was convicted on one count of aggravated assault[1] and one count of burglary.[2] He appeals his conviction and the denial of his motion for new trial, challenging the sufficiency of the evidence and further arguing that the trial court

---

[1] OCGA § 16-5-21 (a) (2).
[2] OCGA § 16-7-1 (a).

erred in admitting irrelevant evidence and in denying his claims of ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. We first address Gonzales's contention that the evidence was insufficient to support his conviction. "On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict, and [Gonzales] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Berry v. State.*[3] When evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the record shows that on June 30, 2002, Julio Sanchez was living in a duplex across the street from Gonzales's mother and sister. That afternoon, Sanchez had attended a barbeque in the neighborhood with some relatives and friends, including Gonzales's sister. Shortly after midnight, Sanchez was inside his home when he heard someone banging loudly on his front door. As Sanchez opened the door, Gonzales forced his way inside, accused Sanchez of sexually assaulting Gonzales's sister, and began beating Sanchez with a bat while also kicking him. The altercation lasted less than a few minutes, and afterward Gonzales left the scene before the police arrived. Sanchez was hospitalized with serious injuries, including cuts to his face and a broken arm.

Gonzales was eventually arrested and indicted on one count of aggravated assault and one count of burglary. At Gonzales's jury trial, Sanchez testified about the altercation, and one of the responding police officers testified regarding her investigation of the incident. At the trial's conclusion, Gonzales was found guilty on both counts and was sentenced to ten years imprisonment. Subsequently, he was appointed new counsel and filed a motion for new trial. After a hearing, the trial court denied Gonzales's motion, and this appeal followed.

Gonzales contends that the evidence was insufficient to support his conviction of aggravated assault and burglary, arguing that the only evidence that he wielded a bat and that he entered Sanchez's home to initiate the assault was Sanchez's testimony. We hold that such evidence is alone sufficient.

OCGA § 16-5-21 (a) (2) provides: "A person commits the offense of aggravated assault when he or she assaults: [w]ith a deadly weapon

---

[3] *Berry v. State*, 274 Ga. App. 831 (1) (619 SE2d 339) (2005).
[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." OCGA § 16-7-1 (a) provides in pertinent part that: "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another. . . ." "The testimony of a single witness is generally sufficient to establish a fact. That another witness may provide contradictory evidence goes only to the weight of the evidence and the credibility of the testifying witness." (Punctuation omitted.) *Reyes v. State.*[5]

Here, the testimony of Sanchez that Gonzales entered his home without permission and beat him with a bat factually established the essential elements of the offenses of aggravated assault and burglary, as well as established that Gonzales was the perpetrator of those offenses. See *Reyes,* supra, 250 Ga. App. at 770; *Scott v. State.*[6] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation omitted.) *Head v. State.*[7] Accordingly, a rational trier of fact could have found Gonzales guilty of aggravated assault and burglary beyond a reasonable doubt.

2. Gonzales contends that the trial court erred in admitting evidence of an attempt by his mother to extort Sanchez and obstruct police officers. He argues that the State's failure to provide this evidence prior to trial violated OCGA § 17-16-4 (a) (3) of the Criminal Procedure Discovery Act and that the evidence was irrelevant. We disagree.

Prior to jury selection, Gonzales moved in limine to exclude evidence of his mother's attempt to extort Sanchez and his family when she promised that Gonzales's sister would drop the rape charges, which the sister had alleged against Sanchez on the night of the altercation, if Sanchez's family paid her a large sum of money. The State did not oppose this motion and, in fact, further requested that all evidence of Sanchez's arrest for the rape of Gonzales's sister be excluded. However, Gonzales objected to this proposed exclusion, arguing that such evidence was necessary to support his justification defense. Ruling on the matter, the trial court held that Gonzales could introduce evidence of the rape charges and Sanchez's arrest, but that, consequently, the State would be permitted to submit evidence of the dismissal of those charges and of Gonzales's mother's extortion attempt to show that the rape charges were most likely untrue.

---

[5] *Reyes v. State,* 250 Ga. App. 769, 770 (552 SE2d 918) (2001).

[6] *Scott v. State,* 242 Ga. App. 553, 554 (1) (530 SE2d 257) (2000).

[7] *Head v. State,* 254 Ga. App. 550, 552 (4) (562 SE2d 815) (2002).

At trial, Gonzales cross-examined Sanchez regarding the rape allegations and also directly testified that those allegations justified his confrontation with Sanchez. Over Gonzales's objections that the State had not complied with the Criminal Procedure Discovery Act and that the evidence was not relevant, the State introduced the indictment of Gonzales's mother on two counts of false statements, one count of attempt to commit theft by extortion, and one count of obstructing an officer, and his mother's guilty plea to the obstruction count and one of the false statement counts.

OCGA § 17-16-4 (a) (3) of the Criminal Procedure Discovery Act provides in relevant part:

> The prosecuting attorney shall, no later than ten days prior to trial, or as otherwise ordered by the court, permit the defendant at a time agreed to by the parties or ordered by the court to inspect and copy or photograph books, papers, documents, photographs, tangible objects, audio and visual tapes, films and recordings, or copies or portions thereof . . . which are within the possession, custody, or control of the state or prosecution and are intended for use by the prosecuting attorney as evidence in the prosecution's case-in-chief or rebuttal at the trial or were obtained from or belong to the defendant.

However, Gonzales's mother's indictment and guilty plea are public records, which are accessible to all. See *Eaves v. Harris*;[8] *Fouts v. State*.[9] The Criminal Procedure Discovery Act was not intended to provide sanctions for the failure to provide public information to which Gonzales already had access. See *Kidwell v. State*[10] (transcripts from the trials of co-defendants are public records and just as accessible to defendants as to the State); *Conklin v. State*[11] (death certificate is a public record which the State does not have to furnish pursuant to the predecessor to the Criminal Procedure Discovery Act). See also *Eaves*, supra, 258 Ga. at 3 (2) (a); *Fouts*, supra, 240 Ga. at 45 (5).

Furthermore, Gonzales's claim that the trial court erred in admitting this evidence because it was irrelevant is without merit. "Any evidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material

---

[8] *Eaves v. Harris*, 258 Ga. 1, 3 (2) (a) (364 SE2d 854) (1988).

[9] *Fouts v. State*, 240 Ga. 39, 45 (5) (239 SE2d 366) (1977).

[10] *Kidwell v. State*, 264 Ga. 427, 430 (5) (444 SE2d 789) (1994).

[11] *Conklin v. State*, 254 Ga. 558, 566 (3) (a) (331 SE2d 532) (1985).

issue or issues is relevant." (Punctuation omitted.) *Ward v. State*.[12] In addition, "Georgia law favors the admission of any relevant evidence, no matter how slight its probative value, and even evidence of questionable or doubtful relevancy or competency should be admitted and its weight left to the jurors." Id. at 513-514 (3). "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Punctuation omitted.) *Grimes v. State*.[13]

Here, as part of his justification defense, Gonzales cross-examined Sanchez on whether he had raped, or otherwise sexually assaulted, Gonzales's sister shortly before the assault and on the fact that Sanchez was arrested for that alleged rape. Sanchez denied any rape. Thus, Gonzales's mother's indictment and guilty plea, as well as the important fact that this indictment led to the rape charges against Sanchez being dismissed, were relevant to the issue of Sanchez's credibility. See *Nance v. State*[14] ("the State is permitted to rehabilitate a witness whose credibility had been attacked"). Moreover, "an objection to the admission of evidence on the sole ground that it is irrelevant is insufficient to show error requiring reversal." *Byrd v. State*.[15] Accordingly, the trial court did not abuse its discretion in allowing the indictment and guilty plea of Gonzales's mother into evidence.

3. Gonzales further contends that the trial court erred in denying his claims of ineffective assistance of counsel. Specifically, Gonzales argues that his trial counsel was ineffective in (a) failing to adequately object to the admission of his mother's indictment and guilty plea, (b) introducing Gonzales's criminal history into evidence, (c) failing to object to the State's cross-examination regarding Gonzales's criminal history and past convictions, and (d) failing to object to the State's evidence in aggravation of punishment.

To establish ineffective assistance of counsel under *Strickland v. Washington*,[16] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. *Mency v. State*.[17] "Making that showing requires that [Gonzales] rebut the strong presumption that [his] lawyer's conduct falls within

[12] *Ward v. State*, 274 Ga. App. 511, 513 (3) (618 SE2d 154) (2005).

[13] *Grimes v. State*, 280 Ga. 363, 366 (6) (628 SE2d 580) (2006).

[14] *Nance v. State*, 272 Ga. 217, 222 (5) (526 SE2d 560) (2000).

[15] *Byrd v. State*, 259 Ga. App. 15, 19 (3) (576 SE2d 35) (2002).

[16] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

[17] *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

the wide range of reasonable professional assistance." *Simpson v. State.*[18] We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State.*[19]

(a) Gonzales first argues that his trial counsel performed deficiently by failing to renew his objection to the introduction of evidence of his mother's indictment and guilty plea, which he made prior to jury selection. He further argues that his trial counsel should have also objected to the evidence on the grounds that it was more prejudicial than probative. Evidence supports the trial court's finding that such was not deficient performance.

As discussed in Division 2, supra, the evidence of Gonzales's mother's indictment and guilty plea was directly relevant to the issue of Sanchez's credibility and allowed the State to rehabilitate his credibility after it had been attacked through evidence of his arrest for the alleged rape of Gonzales's sister. See *Nance*, supra, 272 Ga. at 222 (5). In addition, the decision of whether the prejudicial effect of relevant evidence outweighs its probative value is within the discretion of the trial court. *Brooks v. State.*[20] As Gonzales was never implicated in his mother's extortion scheme, he has failed to demonstrate that the evidence regarding that scheme prejudiced his case. Consequently, any objection by Gonzales's counsel would have been without merit. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Punctuation omitted.) *Henry v. State.*[21] Accordingly, Gonzales has failed to demonstrate that his trial counsel's failure to renew or make additional objections to this evidence constituted ineffective assistance of counsel. See *Cole v. State*[22] (failure to make meritless objection did not constitute ineffective assistance).

(b) Gonzales also claims that his trial counsel performed deficiently by having Gonzales testify regarding his criminal history, thereby putting evidence of his bad character before the jury and prejudicing his defense. We disagree.

At trial, Gonzales testified in his own defense and admitted during direct examination that he had previously been arrested and had served time in prison. When questioned about this examination during the hearing on Gonzales's motion for new trial, Gonzales's trial counsel testified that he had discussed this issue with Gonzales and had decided that the best strategy was "to put everything on the

---

[18] *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004).

[19] *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

[20] *Brooks v. State*, 281 Ga. 514, 517 (3) (640 SE2d 280) (2007).

[21] *Henry v. State*, 279 Ga. 615, 617 (3) (619 SE2d 609) (2005).

[22] *Cole v. State*, 279 Ga. App. 219, 225 (8) (b) (630 SE2d 817) (2006).

table" to make Gonzales seem credible. Gonzales's trial counsel further testified that he hoped that by directly eliciting this testimony he would be able to offset anything that the experienced prosecutor might have been able to elicit from Gonzales on cross-examination.

"Trial tactics and strategy, however mistaken they may appear with hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them." (Punctuation omitted.) *Abernathy v. State.*[23] Here, trial counsel, "in an attempt to portray [Gonzales] as a truthful man with nothing to hide, pursued the reasonable strategy of placing the damaging information before the jury through [Gonzales's] direct testimony, rather than risk having the information extracted from him on cross-examination." *Collins v. State.*[24] See *Rose*, supra, 258 Ga. App. at 235 (2) (a) (counsel's decision to put defendant's prior drug conviction before jury to "beat the State to the punch" was a reasonable strategic decision and not deficient performance); *Crawford v. State*[25] (reasonable strategy and not deficient performance for counsel, who believed talkative defendant was likely to "open the door" for prosecution, to put defendant's past crimes into evidence on direct examination). Accordingly, the trial court's finding that such was not deficient performance was not clearly erroneous.

(c) Gonzales contends that his trial counsel performed deficiently by failing to object to the State's cross-examination regarding Gonzales's criminal history. Following the direct examination by his trial counsel, Gonzales was cross-examined by the State and responded affirmatively when asked whether he had previously been convicted in Nevada of challenging a fight with a weapon[26] and possession of a short-barrel weapon.[27] However, because Gonzales had testified about his criminal history during his direct examination, the State was permitted to question him about that history on cross-examination. See *Mattis v. State.*[28] An objection by Gonzales's trial counsel to these questions would have been without merit. "Consequently, the failure to object did not constitute deficient performance." Id. See *Henry*, supra, 279 Ga. at 617 (3).

(d) Gonzales also contends that his trial counsel performed deficiently by failing to object to the State's evidence in aggravation

---

[23] *Abernathy v. State*, 278 Ga. App. 574, 587 (3) (b) (v) (630 SE2d 421) (2006).

[24] *Collins v. State*, 276 Ga. 726, 728 (2) (583 SE2d 26) (2003).

[25] *Crawford v. State*, 252 Ga. App. 722, 725 (3) (556 SE2d 888) (2001).

[26] N. R. S. 200.471.

[27] N. R. S. 202.275.

[28] *Mattis v. State*, 282 Ga. App. 49, 52 (4) (b) (637 SE2d 787) (2006).

of punishment. At Gonzales's sentencing hearing, the trial court asked whether there was any additional evidence to be heard in regard to sentencing. The State responded that there was none other than the evidence regarding Gonzales's criminal history that had been elicited during the trial. Gonzales claims his counsel should have objected to the trial court's consideration of this evidence because he did not receive notice that the State would introduce evidence in aggravation of punishment prior to trial. This claim is without merit.

The record demonstrates that five months prior to trial, the State did in fact provide Gonzales with notice that it would introduce his criminal history as evidence in aggravation of punishment. Furthermore, "[d]uring sentencing, a court may consider any evidence properly adduced during the guilt-innocence phase of the proceedings." *De'Mon v. State.*[29] Thus, an objection by Gonzales's trial counsel to the trial court's consideration of his criminal history in sentencing would have been without merit. Accordingly, his trial counsel's failure to object did not constitute deficient performance. See *Henry,* supra, 279 Ga. at 617 (3).

*Judgment affirmed. Ruffin and Bernes, JJ., concur in the judgment only.*

DECIDED JULY 26, 2007 — 

*Glynn R. Stepp,* for appellant.
*Daniel J. Porter, District Attorney, Kimberly A. Gallant, Assistant District Attorney,* for appellee.

