A07A2226. JONES v. THE STATE.
(656 SE2d 556)

BERNES, Judge.

A Chatham County jury convicted Bruce Lee Jones of two counts of simple battery, two counts of aggravated assault, two counts of false imprisonment, and possession of a firearm during the commission of a felony. The trial court subsequently denied his motion for new trial. Jones now appeals, contending that there was insufficient evidence to convict him of the aggravated assault based on the shooting of his ex-girlfriend. He further contends that he received ineffective assistance from his trial counsel. For the reasons discussed below, we affirm.

On appeal from a criminal conviction, we construe the evidence in the light most favorable to the jury verdict. *Parker v. State,* 220 Ga. App. 303 (1) (469 SE2d 410) (1996). So viewed, the evidence adduced

---

at trial reflects that in the early morning hours of June 22, 2003, Jones drove to his ex-girlfriend's home located in Chatham County. Jones' close friend, "Mel," sat in the passenger seat and remained there as Jones got out of the car and entered the residence.

Once inside, Jones forced open the door of the master bedroom, where he confronted the victims, Jones' ex-girlfriend and her new boyfriend. Cursing and screaming, Jones pulled out a handgun. Jones began yelling at the boyfriend to back away from the door. When he refused to do so, Jones shot at the ground near the boyfriend's feet. Jones then turned toward his ex-girlfriend, who was standing behind the bedroom door. He fired a shot in the area around her feet, and then fired another shot that struck her in the leg below the knee. Bleeding profusely and crying out in pain, the ex-girlfriend collapsed to the floor.

As his ex-girlfriend lay on the floor, Jones struck her in the head with his handgun and threw a DVD box and shoe at her. Jones also turned and pointed his handgun at the boyfriend on several occasions, warned him to move back, and threatened to shoot him.

While continuing to hold the victims at gunpoint, Jones tapped on the bedroom window and called for Mel to come to the front door. Mel entered the residence and appeared shocked when he saw Jones' ex-girlfriend. Visibly upset with Jones, Mel asked him why he had "involved [him] in this." Jones responded by demanding that Mel return to the car and get his own handgun. Mel complied. Mel then assisted Jones in holding the victims at gunpoint.

Pacing back and forth, Jones began deliberating about how to proceed. Mel told Jones that they should leave because someone may have heard the gunshots. Jones said that he had decided to "off them both," but Mel talked him out of it. At one point, Jones lifted his gun and pointed it at his ex-girlfriend's head, but Mel grabbed the gun away from Jones. Eventually, Mel persuaded Jones to leave the residence. Before doing so, Jones took the cell phones belonging to his ex-girlfriend and her boyfriend.

After Jones and Mel left, the boyfriend ran to a neighbor's home to call the police. After the police and paramedics arrived, the ex-girlfriend was transported to the hospital, where two surgeries were performed on her leg and she remained hospitalized for fifteen days.

Based on the information provided by the victims, the officers obtained a warrant for Jones' arrest. But, Jones fled the state and could not be located. On July 28, 2003, the United States Marshals Service found and arrested Jones, after which he was indicted, tried, and convicted of multiple offenses, including aggravated assault.

1. Jones challenges the sufficiency of the evidence to support his aggravated assault conviction for shooting his ex-girlfriend.[1] Jones' contention is without merit.

The indictment alleges that Jones committed aggravated assault on or about June 22, 2003, in that he "did unlawfully make an assault upon the person of [his ex-girlfriend], a person formerly living in the same household, with a handgun, a deadly weapon, by shooting said [ex-girlfriend]." A defendant is guilty of simple assault if he or she "[a]ttempts to commit a violent injury to the person of another" or "[c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a). If the assault is committed with a deadly weapon, the defendant is guilty of aggravated assault. OCGA § 16-5-21 (a) (2). Furthermore, a defendant is subject to an enhanced sentence under the family violence provision of the aggravated assault statute if the crime is committed between persons "living or formerly living in the same household." OCGA § 16-5-21 (j).

Here, the ex-girlfriend and her new boyfriend both testified at trial to the facts as set out above, including that Jones entered the bedroom, pointed his handgun at the ex-girlfriend, and shot her in the leg. Jones' ex-girlfriend also testified that she and Jones had previously been involved in an intimate relationship and had formerly lived together at the residence. This testimony was more than sufficient to support Jones' conviction, since "[t]he testimony of [even] a single witness is generally sufficient to establish a fact." (Citation, punctuation and footnote omitted.) *Gonzales v. State*, 286 Ga. App. 821, 823 (1) (650 SE2d 401) (2007). Furthermore, Jones' flight following the incident provided circumstantial evidence of his guilt. See *Williams v. State*, 287 Ga. App. 361, 362 (1) (651 SE2d 768) (2007). In light of this combined evidence, a rational trier of fact clearly was

---

[1] In his enumerations of error, Jones asserts that there was insufficient evidence to convict him of any of the charged offenses. But, in the argument section of his brief, Jones only references and cites to the aggravated assault statute and argues merely that the state failed to prove that Jones shot his ex-girlfriend intentionally. He provides no argument or legal authority addressing the sufficiency of the evidence as to the other offenses. Pursuant to Court of Appeals Rule 25 (a) (3), "an appellant must support enumerations of error with argument and citations of authority, and mere conclusory statements are not the type of meaningful argument contemplated by Rule [25 (a) (3)]." (Citation and punctuation omitted.) *Thomas v. State*, 255 Ga. App. 261, n. 1 (565 SE2d 130) (2002). Accordingly, Jones has abandoned any challenge he may have had to the remaining offenses on sufficiency grounds. See id. Nevertheless, we have reviewed the entire record and conclude that there was sufficient evidence for a rational trier of fact to find Jones guilty beyond a reasonable doubt of the remaining offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-5-21; 16-5-23; 16-5-41; 16-11-106.

entitled to find Jones guilty beyond a reasonable doubt of the aggravated assault of his ex-girlfriend. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA § 16-5-21 (j).

It is true that Jones took the stand and contended that he and the victim were still in a relationship and still lived together at the residence; that after he entered the master bedroom, his girlfriend pulled the gun on him; and that, as a result, they struggled and she accidentally shot herself. However, it is not the role of this Court "to reweigh the evidence and reassess the credibility of the witnesses." *Hall v. State*, 283 Ga. App. 266, 268 (641 SE2d 264) (2007). Conflicts in the testimony of witnesses are for the jury to resolve. See *Hutchinson v. State*, 287 Ga. App. 415 (651 SE2d 523) (2007). As such, Jones has pointed to no basis for reversal.

2. Jones argues that his trial counsel was ineffective because he failed to impeach Mel, who testified during the state's case-in-chief. Specifically, Jones contends that his trial counsel should have impeached Mel with a prior felony conviction. Jones further argues that his trial counsel should have impeached Mel for bias by showing that he had been arrested and charged with crimes because of his participation in the incident. We discern no grounds for reversal.

> The two-prong test for determining the validity of a claim of ineffectiveness of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense; that is, whether there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's deficiency.

(Citation and punctuation omitted.) *Head v. State*, 279 Ga. App. 608, 611 (3) (631 SE2d 808) (2006).

We conclude that Jones cannot demonstrate that his trial counsel was deficient. Jones retained two attorneys to represent him at trial, both of whom had extensive experience trying criminal cases. At the hearing on the motion for new trial, one of Jones' attorneys testified that he had interviewed Mel twice before trial. The other attorney, who handled the cross-examination of Mel, testified that he was provided with the information gleaned from the two interviews. Based on this information, he concluded that the defense "had to move at least very cautiously with [Mel], not knowing exactly where he would go" in his testimony, since Mel was "not necessarily a loose cannon but an unknown factor" with respect to how he might react on

the witness stand. As a result, he decided to purposefully limit Mel's cross-examination in an effort to prevent Mel from saying anything unexpected.

"Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." (Citation and punctuation omitted.) *Wiggins v. Smith*, 539 U. S. 510, 521 (II) (A) (123 SC 2527, 156 LE2d 471) (2003). And, restricting the scope of cross-examination for strategic reasons does not constitute ineffective assistance. See *Meeker v. State*, 282 Ga. App. 77, 81 (4) (637 SE2d 806) (2006); *Hazelrigs v. State*, 255 Ga. App. 784, 786 (2) (567 SE2d 79) (2002). Consequently, the strategic decision by Jones' trial counsel to restrict the scope of Mel's cross-examination did not constitute ineffective assistance, even if "another lawyer may have conducted the defense in a different manner and taken another course of action." (Citation and footnote omitted.) *Hazelrigs*, 255 Ga. App. at 786 (2).

In any event, Jones cannot show prejudice. At the motion for new trial hearing, Jones failed to introduce a certified copy of Mel's alleged felony conviction that he asserts could have been used for impeachment purposes. By failing to do so, Jones cannot show prejudice, "i.e., that the use of the conviction would have made a difference in the outcome of his trial." *Baskin v. State*, 267 Ga. App. 711, 714 (1) (b) (600 SE2d 599) (2004). Additionally, the trial transcript reflects that the state specifically brought out during its examination of Mel that he had been arrested and charged as a result of the incident at issue. As a result, defense counsel's failure to bring out the same fact on cross-examination did not prejudice Jones. See *Cross v. State*, 285 Ga. App. 518, 520 (2) (c) (646 SE2d 723) (2007).

For these reasons, Jones cannot satisfy either prong of the *Strickland* test. The trial court therefore committed no error in denying Jones a new trial based on this ineffective assistance claim.

3. Finally, Jones contends that his trial counsel was ineffective in failing to object to what he contends were impermissible questions by the state regarding his right to remain silent. The record reflects, however, that Jones did not raise this alleged error of trial counsel as part of the ineffective assistance claims presented in the court below in his motion for new trial and at the hearing held on the motion. Hence, Jones is procedurally barred from raising this ineffective assistance claim on appeal. See *Baskin*, 267 Ga. App. at 714 (1) (d); *Doss v. State*, 264 Ga. App. 205, 207 (2) (590 SE2d 208) (2003).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

*Jennifer R. Burns*, for appellant.

*Spencer Lawton, Jr., District Attorney, Isabel M. Pauley, Assistant District Attorney*, for appellee.