### A10A1086. JOHNSON v. THE STATE.
(696 SE2d 396)

BLACKBURN, Judge.

Following a jury trial, Jeffrey Johnson was convicted on three counts of aggravated assault with intent to rob, one count of armed robbery, and one count of possession of a firearm during the commission of a crime. He appeals the trial court's denial of his motion for directed verdict of acquittal on the aggravated assault with intent to rob convictions, arguing that the evidence was insufficient to support those convictions. For the reasons set forth below, we affirm.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." (Punctuation omitted.) *Terry v. State*.[1] In reviewing the sufficiency of the evidence, "the evidence must be construed in a light most favorable to the verdict, and [Johnson] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State*.[2] We do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*.[3]

So viewed, the record shows that on the morning of August 19, 2007, Esteban was standing on the front porch of his home, talking with his two friends, Hernandez and Lopez. His son Pena, who was about to run some errands, had just put his daughter in his car out front and had walked inside through the screened front door to

---

[1] *Terry v. State*, 293 Ga. App. 455 (667 SE2d 109) (2008).
[2] *Dennis v. State*, 294 Ga. App. 171 (669 SE2d 187) (2008).
[3] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

retrieve some items from the house, when Johnson walked up onto the porch, pointed a pistol at Hernandez's head, and demanded money. Esteban immediately yelled to his son to call the police, and after Hernandez gave Johnson the money he had, Johnson fled. Not wanting Johnson to escape before the police arrived, Esteban began pursuing him, at which point Johnson fired two shots toward Esteban and the porch, where the men had been standing. Within a matter of seconds, Pena joined Esteban in his pursuit of Johnson, and Johnson fired several more shots at them while running toward an alley. Shortly thereafter, officers arrived on the scene and apprehended Johnson.

Johnson was indicted on three counts of aggravated assault with intent to rob, with each count pertaining to the separate victims (Esteban, Lopez, and Pena), one count of armed robbery (pertaining to Hernandez), one count of possession of a firearm by a convicted felon, one count of possession of a firearm during the commission of a crime, and one count of theft by receiving of the pistol used in the crime. At trial, Esteban and Pena testified regarding the robbery and their pursuit of Johnson. A shopkeeper, who owned a store across the street from Esteban's home, also testified that he saw Johnson fire several shots from his pistol back toward the house and at the two men chasing him. In addition, the responding police officers testified regarding their investigation of the robbery, including the fact that bullets from Johnson's pistol were found lodged in the bannister on the porch. After the State rested, Johnson moved for a directed verdict of acquittal, which the trial court denied. At the trial's conclusion, the jury found Johnson guilty on all three aggravated assault with intent to rob counts, the armed robbery count, and the possession of a firearm during the commission of a crime count, but found him not guilty on the theft by receiving count.[4] This appeal followed.

In his sole enumeration of error, Johnson challenges the sufficiency of the evidence supporting his conviction on the three counts of aggravated assault with intent to rob, arguing that the State failed to provide evidence of his intent to rob Esteban, Lopez, and Pena. This argument is misplaced.

"Aggravated assault with intent to rob requires the reasonable apprehension of receiving bodily injury and proof of the intent to rob the victim." (Punctuation omitted.) *Adcock v. State*.[5] "[I]ntent is a question of fact for the jury." *Herndon v. State*.[6] It may be found

---

[4] The State nolle prossed the possession of a firearm by a convicted felon charge.

[5] *Adcock v. State*, 279 Ga. App. 473, 475 (5) (b) (631 SE2d 494) (2006).

[6] *Herndon v. State*, 253 Ga. App. 543, 545 (1) (a) (559 SE2d 749) (2002).

"upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. See *Thompson v. State*[7] ("intent is usually not easily susceptible of direct proof but may be manifested by the circumstances connected with the perpetration of the offense") (citation and punctuation omitted.).

In this matter, Count 1 of the indictment charged Johnson with aggravated assault by unlawfully making "an assault on the person of Feliciano Esteban with intent to rob, by firing a . . . handgun at Feliciano Esteban. . . ." Counts 2 and 3 contained identical language in charging Johnson with aggravated assault on the persons of Lopez and Pena, respectively. Importantly, Counts 1 through 3 did not charge Johnson with a specific intent to rob Esteban, Lopez, or Pena, but only with a general intent to rob. The evidence at trial showed that Johnson approached Esteban, Lopez, and Hernandez (who were standing on Esteban's front porch) and Pena (who was just inside the screen door separating the porch from the house), pointed a gun toward Hernandez's head, and demanded money. After robbing Hernandez, Johnson fled and fired several shots at the porch where the victims had been standing and at the victims once they began chasing him. Thus, "[t]he jury was authorized to conclude that [Johnson] fired the gun at [Esteban, Lopez, and Pena] to further the robbery [of Hernandez], and [the jury was] thus authorized to convict [Johnson] of the offense as charged." (Punctuation omitted.) *Jones v. State*.[8] Accordingly, the trial court did not err in denying Johnson's motion for directed verdict of acquittal.

*Judgment affirmed. Barnes, P. J., and Bernes, J., concur.*

DECIDED JUNE 8, 2010.

*Dante L. Hudson*, for appellant.
*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.

[7] *Thompson v. State*, 271 Ga. 105, 107 (1) (519 SE2d 434) (1999).
[8] *Jones v. State*, 198 Ga. App. 377, 378 (401 SE2d 584) (1991).