# Court of Appeals
# of the State of Georgia

ATLANTA,  November 21, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0518.  JOSEPH A. HERNDON v. THE STATE.**

Joseph A. Herndon was convicted of armed robbery and aggravated assault, and his convictions were affirmed on appeal.  See *Herndon v. State*, 253 Ga. App. 543 (559 SE2d 749) (2002). Years later, Herndon filed an "extraordinary motion to modify sentence," arguing inter alia that his indictment was defective and the sentence vague.  The trial court denied the motion, and Herndon filed this appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal lies from the denial of a motion to correct a void sentence when the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Burg*, supra at 119. However,

> [a] sentence is only void when the trial court imposes a punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void and is not subject to post-appeal modification beyond that provided in OCGA § 17-10-1 (f). Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-OCGA § 17-10-1 (f) sentence modification.

(Punctuation omitted.) *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010).

Here, Herndon does not allege that his sentence 20 year sentence exceeds the punishment allowed by law. Under these circumstances, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 11/21/2014

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*